1  BRUCE D. MacLEOD (SBN: 130860)
   **DAVIS, BENGTSON & YOUNG, APLC**
2  1960 The Alameda, Suite 210
   San Jose, CA  95126
3  Phone:   669.245.4200
   Fax:      408.985.1814
4  Email: bmacleod@dby-law.com

5  Attorneys for Defendants
   SAC ATTORNEYS, LLP, JAMES CAI,
6  BRIAN BARNHORST and PATRICK
   O'SHAUGHNESSY
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  ABRAHAM ABITTAN, RACHEL          Case No. 5:25-CV-5427
    ABITTAN, BRIAN ABITTAN, JACOB
11  ABITTAN, ELENA ABITTAN, ROY
    GRABER and TOVA GRABER
12                                   **DEFENDANTS' NOTICE OF MOTION AND**
            Plaintiffs,              **MOTION TO STRIKE OR DISMISS**
13                                   **COMOPLAINT PURSUANT TO FEDERAL**
                                     **RULE OF CIVIL PROCEDURE 12(b)(6) AND**
14     vs.                           **CALIFORNIA CODE OF CIVIL**
                                     **PROCEDURE §425.16 [ANTI-SLAPP]**
15  HANSEN LAW FIRM, P.C., CRAIG
    HANSEN, STEPHEN HOLMES, SACT     **DATE: November 5, 2025**
16  ATTORNEYS, LLP, JAMES CAI, BRIAN **TIME:  10:00 a.m.**
    BARNHORST, PATRICK               **CTRM: 5 – 4TH Floor**
17  O'SHAUGNESSY, YE & ASSOCIATES,   **MAGISTRATE JUDGE NATHANAEL COUSINS**
    PLLC, JINGJING YE and DOES 1-20,
18  inclusive
19          Defendants.

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

# TABLE OF CONTENTS

NOTICE OF MOTION ............................................................................ 5

I INTRODUCTION ............................................................................... 6

II STATEMENT OF FACTS .................................................................. 7

III DISCUSSION ................................................................................... 9

    A.    California Code of Civil Procedure §425.16 Was Passed to Protect Defendants from "Strategic Lawsuits Against Public Participation" ("SLAPP Suits") Instituted to Punish Defendants for Participating in Actions to Further Their Constitutional Rights Including Participating in "Petitioning" Conduct Such as Filing and Prosecuting Lawsuits. .... 9

    B.    California's Anti-SLAPP Provisions Apply to Actions Filed in United States District Court Pursuant to the Court's Diversity Jurisdiction. 9

    C.    The Anti-SLAPP Statute Requires Use of a Two-Step Analysis with Differing Burdens of Proof. ............................................................... 10

    D.    The Claims in the *Complaint* Arise from "Protected Activity," Satisfying the Defendant's Initial Burden of Proof. ............................................ 10

    E.    The Plaintiffs Will Be Unable to Satisfy Their Burden Under the "Second Prong" to Show a "Probability of Prevailing" on Malicious Prosecution: The Only Cause of Action Pled Against the Dresser Defendants. .... 12

        1.    The Elements of a Malicious Prosecution Claim. ................. 13

        2.    The Plaintiffs cannot show that there was a final decision "on the merits" of the underlying cause of action. ............................. 13

        3.    The Plaintiffs cannot show that the action was pursued without probable cause. ........................................................................ 14

IV CONCLUSION ................................................................................. 17

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3  *Bryan v. City of Carlsbad,* 297 F. Supp. 3d 1107 (S.D. Cal 2018) ............................... 13

4  *Hilton v. Hallmark Cards,* 599 F.3d 894 (9th Cir. 2010) ............................................. 9

5  *IP Telesis Inc. v. Velocity Networks Inc.* (C.D. Cal. Nov. 5, 2012)

6          No. CV1109950RGKAJWX, 2012 WL 12886967, at *1 .................................... 8

7  *Mahoney v. Meta Platforms, Inc.* 710 F.Supp.3d 771 (N.D. Cal. 2024) ........................... 9

8  *Realtek Semiconductor Corp. v. MediaTek, Inc.,* 732 F. Supp. 3d 1101 (N.D. Cal. 2024) ........ 16

9  *Stossel v. Meta Platforms Inc.,* 634 F. Supp.3d 743, 755 (N.D. Cal. 2022) ......................... 9

10  *Westlands Water Dist. v. U.S.* (9th Cir. 1996) 100 F.3d.94 ........................................... 14

11

12

**STATE CASES**

13  *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438 .................................. 14

14  *Baral v. Schnitt* (2016) 1 Cal.5th 376 ................................................................. 10

15  *Cabral v. Martins* (2009) 177 Cal.App.4th 471 .................................................. 9, 11

16  *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628 ............................... 11

17  *Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5th ....................................... 16

18  *Daniels v. Robbins* (2010) 182 Cal.App.4th 204 ...................................................... 12

19  *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53 .............................. 10

20  *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728 ......................................... 12

21  *Kim v. R. Consulting & Sales, Inc.* (2021) 67 Cal.App.5th 263 ................................. 12, 13

22  *Litinsky v. Kaplan* (2019) 40 Cal.App.5th 970 .................................................. 15, 17

23  *Maleti v. Wickers* (2022) 82 Cal. App. 5th 181 ...................................................... 13

24  *Mitchell v. Twin Galaxies, LLC* (2021) 70 Cal.App.5th 207 ......................................... 12

25  *Murray v. Tran* (2020) 55 Cal.App.5th 10 .............................................................. 12

26  *Navellier v. Sletten* (2002) 29 Cal.4th 82 ...................................................... 9, 11, 12

27  *Nirschl v. Schiller* (2023) 91 Cal.App.5th 386 ...................................................... 10

28  *Optional Capital v. Akin Gump Strauss, Hauer & Feld, LLP* (2017) 18 Cal.App.5th 95 .... 9, 10, 11

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

*Park v. Board of Trustees of the California State University* (2017) 2 Cal.5th 1057 .......... 11

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*

    (2005) 133 Cal.App.4th 658 ………………………………………………….. 10

*Reilly v. Greenwald & Hoffman, LLP* (2011) 196 Cal.App.4th 891 ………………………….. 8

*Rusheen v. Cohen* (2006) 37 Cal.4th 1048 …………………………………………………… 12

*Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563 …………………………………………… 10

*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931 ………… 10, 12

*Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385 ……………… 15

*Zamos v. Stroud* (2004) 32 Cal.4th 958 …………………………………………………….. 15

**FEDERAL CODES/RULES**

Federal Rule of Civil Procedure 12(b)(6) ………………………………………………….. 5, 6

Federal Rule of Civil Procedure 41(a)(2) ………………………………………… 7, 8, 13, 14

28 U.S.C. §1332 …………………………………………………………………… 9

**STATE CODES**

California Code of Civil Procedure section425.16 …………………………………… *passim*

1  **TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD**:

2      PLEASE TAKE NOTICE that on **November 5, 2025, at 11:00 a.m**., or as soon thereafter as

3  the mattery may be heard in the courtroom of Hon. Nathanael M. Cousins, located at the United

4  States District Court for the Northern District of California, 280 South First Street, Courtroom 5, 4th

5  Floor, San Jose, California, 95113, Defendants SAC ATTORNEYS, LLP, JAMES CAI, BRIAN

6  BARNHORST and PATRICK O'SHAUGHNESSY (hereinafter collectively "SAC Defendants")

7  will move for an order to strike or dismiss Plaintiffs' *Complaint for Malicious Prosecution*

8  ("Complaint"), as well as for an order allowing the SAC Defendants to recover reasonable fees and

9  costs relating to filing of this motion.

10      The Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and California

11  Code of Civil Procedure [C.C.P.] §425.16, and will be made on the ground that the Complaint

12  constitutes strategic litigation which was filed to chill the SAC Defendants' rights to petition or

13  freedom of speech as stated in C.C.P. §425.16(b)(1).

14      The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum

15  of Points and Authorities, the Request for Judicial Notice In Support of Motion to Strike or Dismiss,

16  the Declaration of Bruce D. MacLeod In Support of Motion to Strike or Dismiss and exhibits

17  attached or referred to therein, the pleadings and papers on file in this action, the arguments of

18  counsel; and any other matter the Court may properly consider.

19  DATED: October 1, 2025

20                                              **DAVIS, BENGTSON & YOUNG, APLC**

21

22                                              _____
                                                Bruce D. MacLeod
23                                              Attorneys for Defendants
                                                SAC ATTORNEYS, LLP, JAMES CAI,
24                                              BRIAN BARNHORST and PATRICK
                                                O'SHAUGHNESSY
25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SAC DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND
CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]**

## I INTRODUCTION

Rather than the dark picture painted by the Plaintiffs' *Complaint for Malicious Prosecution* ("*Complaint*"), which attempts to paint the underlying lawsuit filed by the defendants on behalf of Yuting Chen as "lawyers willing to do or say anything for a paying client", the evidence shows that the lawsuit filed on behalf of Ms. Chen represents nothing more than the not uncommon case in which a Plaintiff dismisses her case after growing tired and finding herself broke.[1]

Defendants SAC ATTORNEYS, LLP, JAMES CAI, BRIAN BARNHORST and PATRICK O'SHAUGHNESSY (hereinafter collectively "SAC Defendants") have filed this motion pursuant to California Code of Civil Procedure ("C.C.P.") §425.16, the "Anti-SLAPP Statute". The Anti-SLAPP Statute sets up a two-step procedure by which a Defendant can obtain an early dismissal of a lawsuit that is filed which infringes on the Defendants' rights. The first step requires only that the Defendants show that the lawsuit "arises from protected activity," and there should be no doubt that this prong can be satisfied given that all litigation related activity is considered "protected activity" under the statute. The statute then shifts the burden to the Plaintiffs to "probability of prevailing" by submitted competent evidence that the SAC Defendants knew that the Complaint in that action could not be won. Case law demonstrates not only that the Declarations offered by the Plaintiffs denying allegations were insufficient to defeat the underlying lawsuit, but also that the manner in which the case ended did not qualify as a "favorable termination. The absence of either of these element of the malicious prosecution cause of action is sufficient to require the court to grant this motion.

///

///

---

[1] The *Complaint* names as Defendants all of the attorneys that represented the Plaintiff from the beginning of her lawsuit filed in this District Court until she requested that it be dismissed, but does not name Ms. Chen herself.

1

## II STATEMENT OF FACTS

2      This lawsuit has its origins in a "Complaint for Breach of Contract [etc.]" filed by the

3   Hansen Law Firm ("HLF") on behalf of Plaintiff Yuting Chen ("Chen") on or about December 3,

4   2021.[2] The SAC Defendants appeared in the case on behalf of Chen December 16, 2022. See,

5   *Notice of Appearance of SAC Attorneys LLP on Behalf of Plaintiff Yuting Chen*, attached as Exhibit

6   A to the *Declaration of Bruce D. MacLeod in Support of Defendants' Motion to Strike or Dismiss*

7   *Complaint [etc.]* (hereinafter "*MacLeod Declaration*.")

8      As stated above, the *Complaint* merely alleges that "judgement was entered in Plaintiffs'

9   favor" (*Complaint*, 6:14-17), but omits crucial facts which can be judicially noticed by this court

10  regarding how the case arrived at that juncture. In fact, the Judgment was entered following Ms.

11  Chen's motion to voluntarily dismiss the case: "At a hearing today in open court, counsel for

12  Plaintiff Yuting Chen moved to voluntarily dismiss this case with prejudice under Fed. R. Civ. P.

13  41(a)(2). Under that provision, an action may be dismissed only by court order, on terms that the

14  court considers proper. The Court GRANTS dismissal with prejudice, with conditions set forth in

15  this order." *Order Dismissing Case with Conditions* ("*Order*") 1:15-19, dated April 26, 2023, and

16  filed as Document 92 in the Underlying Action Attached as Exhibit B to the *MacLeod Declaration*.[3]

17  The Court retained jurisdiction to allow the Abittan Defendants to file a motion for award of fees,

18  costs and sanctions. *Id.*, 19-22.

19      The Abittan Defendants filed a motion for fees that was scheduled for hearing on May 31,

20  2023. The SAC Defendants filed a Declaration by Chen which provided a list of factors that had led

21  Chen to dismiss the action. The reasons stated in her Declaration included:

22      • "I can no longer maintain this lawsuit from the perspective of personal property and the

23         current economic situation. ... [Because of business losses], I can no longer afford the high

24

---

25  [2] See, "Complaint for Breach of Contract [etc.]" filed in United States District Court, Northern District of California,
26  Case No. 5:21-CV-09393-NC (hereinafter the "Underlying Action"), attached as Exhibit A to the *Complaint*. The actual
    date of filing of the Complaint in the Underlying Action is uncertain because that information was not contained in the
27  *Complaint*, and the case information for the current action is printed over the date of filing of the Complaint in the
    Underlying Action as attached to the *Complaint*.
    [3] The *Order* further stated that "[c]ounsel for Chen additionally stated a request to withdraw from the case." The *Order*
28  required that "supporting information" be filed by May 11, 2025.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1    legal fees associated with this litigation."

2    • Her parents asked her to bring her child back to China "and they do not want to continue to
3    expose more information about the child in lawsuits and courts."

4    • Her mother had "become unwell" due to worries about her and her children.

5    • "I cannot let my parents continue to worry about me like this."

6    • She had been blacklisted by "many watch dealers" because of the lawsuit, "[i]n this way,
7    my business will not be able to continue at all."

8    *Chen Declaration in Support of Opposition to Defendant's Motion for Fees and Costs, and Cross-*

9    *Motions for Associated Fees and Costs* ("*Chen Declaration*"), a true and correct copy of which is

10   attached as Exhibit C to the *MacLeod Declaration*. The *Chen Declaration* also stated: "So far, all

11   the factual information in filing in this lawsuit have been provided by me based on the real situation,

12   and there is no fault of the lawyers." *Id.*, 3:1-2.[4]

13        Although the reason is unclear from the court's docket for the Underlying Action, it appears

14   that the "Motion for Fees and Costs" was either denied or did not go forward for some other reason.

15   Judgment was entered on June 30, 2023: "In accordance with the April 26, 2023, order

16   conditionally dismissing this case with prejudice under Fed. R. Civ. P. 41(a)(2), ECF92. Judgement

17   is entered against Plaintiff Yutin Chen. This matter is now closed, but for the bill of costs permitted

18   in ECF 113." *Judgment*, filed in the Underlying Action as Document 114 on June 30, 2023, a true

19   and correct copy of which is attached to the *MacLeod Declaration* as Exhibit D.

20   ///

21   ///

22

23   _____

24        [4] Yuting Chen has not been named as a party to this lawsuit and has not filed an action directly against the
     Defendants in this action. Pursuant to their professional fiduciary obligations to their former client as well as the
25   attorney-client privilege, the SAC Defendnats are prohibited from offering information regarding the circumstances of
     the dismissal and their motion to withdraw. It is well-accepted under California law that "[a]bsent waiver, [a lawyer]
26   cannot adequately defend himself against claims he facilitated [a client's] wrongdoing." *Reilly v. Greenwald &
     Hoffman, LLP* (2011) 196 Cal.App.4th 891, 903; *see also IP Telesis Inc. v. Velocity Networks Inc.* (C.D. Cal. Nov. 5,
27   2012) No. CV1109950RGKAJWX, 2012 WL 12886967, at *1. The SAC Defendants reserve the right to seek relief at a
     further time on this basis.

28
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1

**III DISCUSSION**

2    **A.**    <u>**California Code of Civil Procedure §425.16 Was Passed to Protect Defendants**</u>
3    <u>**from "Strategic Lawsuits Against Public Participation" ("SLAPP Suits")**</u>
     <u>**Instituted to Punish Defendants for Participating in Actions to Further Their**</u>
     <u>**Constitutional Rights Including Participating in "Petitioning" Conduct Such as**</u>
4    <u>**Filing and Prosecuting Lawsuits.**</u>

5        The California Legislature enacted the Anti-SLAPP statute in response to a "disturbing

6    increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of

7    freedom of speech and petition for the redress of grievances." (Code of Civil Procedure ("C.C.P.")

8    §425.16(a).)  Under §425.16, a cause of action "arising from" an act in pursuit of a person's right of

9    petition or free speech shall be subject to a "special motion to strike". (C.C.P. §425.16(b).)  The

10   rights of "petition" and "free speech" encompass a range of "protected activity" which the statute

11   prohibits being infringed. In determining whether the statute applies, the Legislature directed that

12   §425.16 "shall be construed broadly" C.C.P. §425.16 (a).

13       The statute does not exclude any type of legal action from its application, and it applies to

14   "all kinds of claims." *Navellier v. Sletten* (2002) 29 Cal.4th 82, 92.  "It is well established that the

15   protection of the anti-SLAPP statute extends to lawyers and law firms engaged in litigation-related

16   activity." *Optional Capital v. Akin Gump Strauss, Hauer & Feld, LLP* (2017) 18 Cal.App.5th 95,

17   113. In a case such as the present one, "all communicative acts performed by attorneys as part of

18   their representation of a client in a judicial proceeding, or other petitioning context are per se

19   protected activity by the anti-SLAPP statute[.]" *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-

20   480.

21   **B.**    <u>**California's Anti-SLAPP Provisions Apply to Actions Filed in United States**</u>
     <u>**District Court Pursuant to the Court's Diversity Jurisdiction.**</u>
22

23       The *Complaint* alleges that this court possesses diversity jurisdiction pursuant to 28 U.S.C.

24   §1332. *Complaint*, 1:24.  It is "well settled" that a defendant in federal court may bring an anti-

25   SLAPP motion with respect to California state law claims asserted under the court's diversity

26   jurisdiction. See, *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010); *Mahoney v. Meta*

27   *Platforms, Inc.* 710 F.Supp.3d 771, 781 (N.D. Cal. 2024); *Stossel v. Meta Platforms Inc.,* 634 F.

28   Supp.3d 743, 755 (N.D. Cal. 2022).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

C.    **The Anti-SLAPP Statute Requires Use of a Two-Step Analysis with Differing Burdens of Proof.**

"At the first anti-SLAPP step, the question is whether a defendants has met the burden of showing that a plaintiff's 'claim arises from protected activity,' which happens 'when that [protected] activity underlies or forms the basis for the claim.' [Citation.] *Nirschl v. Schiller* (2023) 91 Cal.App.5th 386, 404. A defendant need only show that a lawsuit that is being challenged arose from an act protected under the Anti-SLAPP statute. *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 61. "In deciding whether the 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP* (2005) 133 Cal.App.4th 658, 670. "A defendant's burden on the first prong is not an onerous one. A defendant need only make a *prima facie* showing that the plaintiff's claims arise from the defendant's constitutionally protected free speech or petition rights." *Optional Capital*, supra, 18 Cal.App.5th at 112.

Once a defendant has met its burden, the burden shifts to the plaintiff to show a "reasonable probability of success" on the merits. *Equilon, supra* at 61. The Plaintiff must demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. Without resolving evidentiary conflicts, the court must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken. *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396. Plaintiff's burden cannot be met by relying on its complaint, "'instead, its proof must be made upon competent evidence.' [Citations.]" *Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940. The court must grant the motion to strike if the plaintiff fails to produce evidence to substantiate his claim, or if the defendant has shown that the plaintiff cannot prevail as a matter of law. *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1570.

D.    **The Claims in the *Complaint* Arise from "Protected Activity," Satisfying the Defendant's Initial Burden of Proof.**

The California Supreme Court mandates that in the first step of the Anti-SLAPP analyses,

-10-

1    the court must focus on the defendant's conduct rather than on the nature or title of the claim. The

2    anti-SLAPP statute applies to claims "arising from" any act in furtherance of the right of petition or

3    free speech (C.C.P. §425.16(b), and a claim "arises from" protected activity when that activity

4    underlies or forms the basis for the claim. *Park v. Board of Trustees of the California State*

5    *University* (2017) 2 Cal.5th 1057, 1063. "The anti-SLAPP statute's definitional focus is not the form

6    of the plaintiff's cause of action, but, rather, the defendant's activity that gives rise to his or her

7    asserted liability -- and whether that activity constitutes protected speech or petitioning." *Navellier*,

8    *supra* at 92. "It is settled that a plaintiff cannot avoid operation of the anti-SLAPP statute by

9    attempting through artifices of pleading, to characterize an action as a 'garden variety' tort or

10   contract claim when in fact the claim is predicated on protected speech or conduct". *Contreras*,

11   supra, 5 Cal.App.5th 394, 413. In determining whether filing of the Request for Dismissal was

12   "protected activity," "the focus is on determining what 'the defendant's activity [is] that gives rise to

13   his or her asserted liability—and whether that activity constitutes protected speech or petitioning.'"

14   *Park*, supra, 2 Cal.5th at 1063.

15          There can be no dispute that "protected activity" includes litigation related activity for

16   purposes of a §425.16 analysis. See, e.g., *Church of Scientology v. Wollersheim* (1996) 42

17   Cal.App.4th 628, 648. "[S]tatements, writings and pleadings in connection with civil litigation are

18   covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated

19   matter concerns a matter of public interest. [Citations.]  "Under the plain language of section

20   425.16, subdivision (e)(1) and (2), as well as the case law interpreting those provisions, all

21   communicative acts performed by attorneys as part of their representation of a client in a judicial

22   proceeding, or other petitioning context are per se protected as petitioning activity by the anti-

23   SLAPP statute. . . ." *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-480. "It is well established

24   that the protection of the anti-SLAPP statute extends to lawyers and law firms engaged in litigation-

25   related activity. "As [the California] Supreme Court explained, '"Any act" under section 425.16

26   subdivision (b)(1) 'includes communicative conduct such as the filing, funding, and prosecution of a

27   civil action.' [Citation.] This includes qualifying acts committed by attorneys in representing clients

28   in litigation.' [Citation.]" *Optional Capital*, supra, 18 Cal.App.5th 95, 13.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1    Litigation related activity protected by the statute and the litigation privilege is also not

2 limited to "communications": "[W]e conclude that if the gravamen of the action is communicative,

3 the litigation privilege extends to noncommunicative acts that are necessarily related to the

4 communicative conduct[.]" *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1066. In *Rusheen*, the court

5 determined that execution of a judgment was not an independent basis for liability from the filing of

6 false declarations of service because the gravamen of the action was procurement of the judgment.

7 *Rusheen*, supra at 1065.

8    Given this broad definition of "protected activity," it can be no surprise that malicious

9 prosecutions fall within the statute's ambit: "The plain language of the anti-SLAPP statute dictates

10 that every claim of malicious prosecution is a cause of action arising from protected activity because

11 every such claim necessarily depends upon written and oral statements in a prior judicial

12 proceeding. [Citation.]" *Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 215. See also, *Jarrow*

13 *Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741; *Kim v. R. Consulting & Sales, Inc.* (2021)

14 67 Cal.App.5th 263, 271.

15    **E.    The Plaintiffs Will Be Unable to Satisfy Their Burden Under the "Second**
         **Prong" to Show a "Probability of Prevailing" on Malicious Prosecution:  The**

16       **Only Cause of Action Pled Against the Dresser Defendants.**

17    Once the defendant meets its initial burden to show that the cause of action arises from

18 "protected activity," the burden shifts to the Plaintiff to show a probability of prevailing on its

19 claims. *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88. "To show a probability of prevailing, the

20 opposing party must demonstrate the claim is legally sufficient and supported by a sufficient prima

21 facie showing of evidence to sustain a favorable judgment if the evidence it has submitted is

22 credited." *Mitchell v. Twin Galaxies, LLC* (2021) 70 Cal.App.5th 207, 217. As stated, supra, the

23 Plaintiff's proof "'must be made upon competent evidence.' [Citations.]" *Sweetwater Union High*

24 *School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 "Although the opposing party need

25 only show "minimal merit" to satisfy the burden [citation] the plaintiff cannot rely on the allegations

26 of the complaint, but must produce evidence that would be admissible at trial." *Murray v. Tran*

27 (2020) 55 Cal.App.5th 10, 36.

28 ///

-12-

1           **1.    The Elements of a Malicious Prosecution Claim.**

2        "To establish a malicious prosecution claim, a plaintiff must show (1) the defendants

3 commenced the prior action or directed it, and the defendants pursued the action to legal termination

4 in the plaintiff's favor; (2) the defendants brought the action without probable cause; and (3) the

5 defendants initiated the action with malice. [Citations.]" *Kim v. R Consulting & Sales, Inc.* (2021)

6 67 Cal. App. 5th 263, 271.

7           **2.    The Plaintiffs cannot show that there was a final decision "on the merits"
                  of the underlying cause of action.**

8

9        The Plaintiffs cannot sustain their burden of proof in this case to show that "the defendants

10 pursued the action to legal termination in the plaintiff's favor" because it is not enough to merely

11 show a dismissal of the prior action:

12          "[It] is important to recognize that to establish the tort, favorable
              termination means more than showing simply that the plaintiff
13          prevailed in an underlying action. ... If the termination does not relate
              to the merits—reflecting on neither innocence of nor responsibility for
14          the alleged misconduct—the termination is not favorable in the sense
              it would support a subsequent action for malicious prosecution.'
15          [Citations.] To determine whether there was a favorable termination,
              we look at the judgment as a whole in the prior action.' [Citation.]"

16

17 *Maleti v. Wickers* (2022) 82 Cal. App. 5th 181, 204 (internal quotation marks omitted.)

18        The *Complaint* did not provide information regarding the procedural history preceding the

19 entry of the Judgment. However, this court can take judicial notice of public records, such as court

20 filings or government documents. Fed. Rule of Evid. 201; *Bryan v. City of Carlsbad*, 297 F. Supp.

21 3d 1107 (S.D. Cal 2018). "The Court may judicially notice facts that are not subject to reasonable

22 dispute because they are generally known within the Court's territorial jurisdiction, or because they

23 can be accurately and readily determined from sources whose accuracy cannot reasonably be

24 questioned. Fed. R. Evid. 201(b). [¶] The Court may take judicial notice *sua sponte*, and must take

25 notice if a party requests it and if the Court is supplied with the necessary information." *Id.* at 1115.

26 As set forth *supra*, the case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(2) as

27 requested by Ms. Chen. *MacLeod Declaration*, Exhs. B & D. By its terms, a dismissal under Rule

28 41 is considered a "voluntary dismissal".

1    The determination of whether a dismissal under Rule 41(a)(2) is a "favorable determination"

2    depends upon the specific circumstances and language of the dismissal order. Although the fact that

3    the dismissal was with prejudice as requested by Ms. Chen weighs in the Plaintiff's favor, it is not

4    determinative. The *Order* states that the court was granting the request for dismissal but retaining

5    jurisdiction to consider a motion for "fees, costs and sanctions." (A motion which was subsequently

6    filed, but not granted.)  The Plaintiff could not show a "probability of prevailing" under similar

7    circumstances in *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4[th] 438. The plaintiffs

8    were shop owners that sued defendant manufacturer and its lawyer for malicious prosecution. The

9    *Antounian* court first observed that when ruling on a motion for dismiss without prejudice under rule

10   41(a)(2), "the district court must determine whether the defendant will suffer some plain legal

11   prejudice as a result of the dismissal." *Antounian*, supra at 456, citing *Westlands Water Dist. v. U.S.*

12   (9th Cir. 1996) 100 F.3d.94, 96.  The trial court had awarded fees to the defendants in the underlying

13   lawsuit, which the court found did not constitute a "favorable termination."

> "The district court's award of attorney's fees thus was not a statement that the dismissal was on the merits. Rather, the court exercised its discretion under Federal Rules of Civil Procedure, rule 41(a)(2) (28 U.S.C.), to protect the Antounians' interests by conditioning dismissal on the payment of attorney's fees. The court explicitly excluded fees for the Antounians' "misguided" summary judgment motion and for any work that could be used in a malicious prosecution action. The district court added that the fee award was not a finding on the relative merits of the parties' claims and defenses, and should not "have any effect on future litigation between the parties." This language demonstrates that the voluntary dismissal conditioned on Louis Vuitton/Dior's payment of some of the Antounians' attorney's fees was not a "favorable termination" for the Antounians."

21   *Id.* at 457. The *Order* issued in the current action contained neither a statement that the dismissal

22   was on the merits nor an explicit disclaimer that the decision was *not* on the merits. Given that it is

23   the Plaintiffs' burden under the second prong to provide competent evidence, the lack of any

24   statement that the dismissal was on the merits, will prevent Plaintiffs from satisfying their burden.

25           **3.**    **The Plaintiffs cannot show that the action was pursued without probable cause.**

26       "An action is deemed to have been pursued without probable cause if it was not legally

27   tenable when viewed in an objective manner as of the time the action was initiated or while it was

28

1  being prosecuted." *Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385,

2  1402. The test is whether, on the basis of facts then known, any reasonable attorney would have

3  believed that instituting or maintaining the prior action was tenable. *Ibid.*; see also *Zamos v. Stroud*

4  (2004) 32 Cal.4th 958, 973. In California, "a lawyer is generally entitled to rely on information from

5  his or her client. [Citation.]" A lawyer may not do so if he or she *knows* the client is not telling the

6  truth, but a lawyer is not charged with such knowledge simply because an opposing party offers

7  evidence of a different version of events." *Litinsky v. Kaplan* (2019) 40 Cal.App.5th 970, 982.

8      The *Complaint* alleges that HLF knew "from its inception but no later than May 16, 2022,

9  and always thereafter, HLF knew, and any reasonable attorney would have known that Chen's claim

10 against Plaintiffs had no merit whatsoever." *Complaint*, 5:13-15. The significance of the May 16,

11 2022, date appears to arise from eight Declarations attached as Exhibits to the *Complaint*, each of

12 which is similar, and in which each Plaintiff denies interacting with Ms. Chen, and which were

13 signed by each of the Plaintiffs on May 16, 2022. According to the *Complaint*, each Declaration

14 alleges that the signing Plaintiff has no contacts with the state of California and "never interacted

15 with Yuting Chen." See, e.g., *Id.*, 2:16-21.[5] Further, according to the *Complaint* without providing

16 any detail, "Plaintiffs provided credible evidence" that Ms. Chen's claims were fabricated and

17 untenable" through, inter alia, informal communications between counsel and sworn declarations

18 filed in the Federal Action." Id., 5:15-21. Likewise, the *Complaint* alleges that when SAC appeared,

19 "they knew, and any reasonable attorney would have known that the claims against Plaintiffs were

20 untenable[.]" *Id.*, 5:15-17. Finally, "Plaintiff's provided credible evidence" that Ms. Chen's claims

21 were fabricated and untenable . . . through, inter alia, informal communications between counsel

22 and sworn declarations filed in the Federal Action." Id., 5:15-21.

23      As discussed, *supra*, Ms. Chen signed a Declaration under penalty of perjury describing the

24 reasons why she had dismissed the lawsuit, including a lack of funds, pressure from her family

25 arising from worries about her children and problems with her business caused by the lawsuit's

26

27

---

28 [5] The Declaration of Rachel Abittan also includes a description of a meeting she attended in March of 2019 regarding apparent dealings with Ms. Chen in the cryptocurrency business.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1  existence. See, *MacLeod Declaration*, Exhibit C. Ms. Chen's Declaration also stated: "So far, all

2  the factual information in filings in this lawsuit have been provided by me based on the real

3  situation, and there is no fault of the lawyers." *Id.*, 3:1-2.[6]

4      The facts of *Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5[th] are relevant in their

5  similarities to the current action. The Plaintiffs in *Citizens of Humanity* alleged that the original

6  class representative, Louise Clark, in a class action filed by the defendant law firm, the "Del Mar

7  Attorneys," alleging that jeans manufactured by Citizens of Humanity were misleadingly labeled

8  "Made in the U.S.A." During Clark's deposition, she admitted she was related to one of the

9  attorneys handline her case. Citizens argued that Clark was a "shill plaintiff." The court observed,

10  "[I]f Citizens merely called Clark a liar or asserted she was a shill, without evidence we would find

11  probable cause existed." *Id.*, at 600-601. There was, however, additional "significant evidence"

12  including her familial relationship with the attorney, a history of serving as a plaintiff on other

13  mislabeling cases for the attorney, her willingness to buy foreign made products, her admissions that

14  she did not look at the label before buying products, which was offered by Citizens to show that

15  Clark was a "shill" and that the Del Mar attorneys were aware of that fact, including that the

16  attorney was Clark's brother-in-law. "In other words, she purchased the subject jeans not because

17  she was duped by the 'Made in the U.S.A.' label, but because she wanted to again assume the role

18  as a named plaintiff in another mislabeling case for the Del Mar Attorneys. And a reasonable

19  attorney would not represent a shill plaintiff." *Id.* at 602. All of this additional evidence was

20  sufficient for the court to determine that there were no undisputed facts on which it could determine

21  as a matter of law, whether probable cause existed, and so the plaintiff had met its burden of proof.

22      By contrast, the only evidence offered in the *Complaint* to show that the SAC Defendants

23  had knowledge of foundation for Ms. Chen's claims are the Declarations of the parties, which are

24  analogous to Citizen calling Clark a liar: Declarations from May of 2022 in which the Abittan

25

---

26  [6] "While the Court takes judicial notice of the existence and content of the documents at issue, it
   will not take judicial notice of the underlying truth of any factual assertions therein." *Realtek*
27  *Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1111 (N.D. Cal. 2024). While the
   court need not accept the truth of the statement by Ms. Chen as to the basis for her dismissal, her
28  statements can be accepted for their effect on the SAC Defendants action in requesting dismissal.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1  defendants denied portions of the claims of Ms. Chen. There is nothing in the Complaint that would

2  rise to the level of showing that the SAC Defendants would not have been entitled to rely on

3  information from their client." *Litinsky*, supra at 982.

**IV CONCLUSION**

5  While the *Complaint* merely alleges that "judgement was entered in Plaintiffs' favor"

6  (*Complaint*, 6:14-17), the procedural history is more complicated, and the omitted steps and facts

7  leading to the entry of judgment create an irreparable impediment to the Plaintiff's ability to show a

8  "probability of prevailing" as required by the statute.

9  The SAC Defendants have satisfied their burden under the Anti-SLAPP statute to show that

10  this lawsuit "arises from" the protected activity of representing a party in a lawsuit. The Plaintiffs

11  *Complaint* fails to demonstrate the existence of competent evidence to satisfy their burden of

12  showing an ability to prevail given that (a) the dismissal of the case did not say that it "on the

13  merits" and (b) the SAC Defendants were aware that the underlying lawsuit could not have been

14  won.

15  DATED: October 1, 2025

16

17                                           **DAVIS, BENGTSON & YOUNG, APLC**

18

19                                           _____
                                             Bruce D. MacLeod
20                                           Attorneys for Defendants
                                             SAC ATTORNEYS, LLP, JAMES CAI,
21                                           BRIAN BARNHORST and PATRICK
                                             O'SHAUGHNESSY

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS COMPLAINT PURSUANT TO
FED'L RULE OF CIV. PROC. 12(B)(6) AND CALIF. CODE OF CIVIL PROCEDURE §425.16 [ANTI-SLAPP]

1 | defendants denied portions of the claims of Ms. Chen. There is nothing in the Complaint that would

2 | rise to the level of showing that the SAC Defendants would not have been entitled to rely on

3 | information from their client." *Litinsky*, supra at 982.

4 | **IV CONCLUSION**

5 | The SAC Defendants have satisfied their burden under the Anti-SLAPP statute to show that

6 | this lawsuit "arises from" the protected activity of representing a party in a lawsuit.  While the

7 | *Complaint* merely alleges that "judgement was entered in Plaintiffs' favor" (*Complaint*, 6:14-17),

8 | the procedural history is more complicated, and the omitted steps and facts leading to the entry of

9 | judgment create an irreparable impediment to the Plaintiff's ability to show a "probability of

10 | prevailing" as required by §425.16. The Plaintiffs *Complaint* fails to demonstrate the existence of

11 | competent evidence to satisfy their burden of showing an ability to prevail given that (a) the

12 | dismissal of the case did not say that it "on the merits" and (b) the SAC Defendants were aware that

13 | the underlying lawsuit could not have been won.

14 | DATED: October 1, 2025

15 | **DAVIS, BENGTSON & YOUNG, APLC**

18 | Bruce D. MacLeod
Attorneys for Defendants
19 | SAC ATTORNEYS, LLP, JAMES CAI,
BRIAN BARNHORST and PATRICK
20 | O'SHAUGHNESSY

-17-