1 | Jingjing Ye Bennett
Email: jye@yefirm.com
2 | YE & ASSOCIATES, P.C.
3400 N Central Expy
3 | Suite 110-321
Richardson, TX 75080
4 | Telephone: (214) 233 6230
Facsimile: (469) 752 55107
5 | *Attorney for Ye & Associates, PLLC
and Jingjing Ye*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN, ABITTAN, JACOB ABITTAN, ALYSSA PORTAL, ELIANA ABITTAN, ROY GRABER, and TOVA GRABER,<br><br>PLAINTIFFS,<br><br>v.<br><br>HANSEN LAW FIRM, P.C., CRAIG HANSEN, STEPHEN HOLMES, SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST, PATRICK O'SHAUGNESSY, YE & ASSOCIATES, PLLC, JINGJING YE, and DOES 1-20, inclusive<br><br>DEFENDANTS, | Case No. 25-cv-05427-SVK<br><br>**NOTICE OF DEFENDANTS YE & ASSOCIATES, PLLC AND JINGJING YE'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION (FED. R. CIV. P. 12(B)(5), 12(B)(2))**<br><br>Hearing Date: November 11, 2025<br>Time: 10:00 a.m.<br>Dept.: 6<br>Judge: Hon. Susan van Keulen |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 11, 2025, at 10 a.m., or as soon thereafter as this matter may be heard in Courtroom 6, 4th. floor, located at 280 South 1st Street, San Jose, California , Ye & Associates, P.C. ("Ye Firm") and Jingjing Ye ("JYE") (collectively "[]") will move this Court for an Order dismissing the claims against [] on the grounds that this Court lacks personal jurisdiction over Ye Firm and JYE, for failure to [] under Rule 12(b)(5) and Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for improper service.

1  This Motion is based on this Notice, the Memorandum of Points and Authorities, and the
2  Declarations of I[]filed in Support of the Motion, all pleadings, documents, and records on file
3  with this Court, and such oral argument as may be presented at the hearing on this matter.

Dated: October 1, 2025                                  Respectfully Submitted,

*/s/ JINGJING YE BENNETT*
Jingjing Ye Bennett
YE & ASSOCIATES, P.C.
3400 N Central Expy, Suite 110-321
Richardson, TX 75080
Telephone: (214) 233 6230
Facsimile: (469) 752 55107
Email: jye@yefirm.com
*Attorney for Ye & Associates, PLLC and Jingjing Ye*

1 | Jingjing Ye Bennett
Email: jye@yefirm.com
2 | YE & ASSOCIATES, P.C.
3400 N Central Expy
3 | Suite 110-321
Richardson, TX 75080
4 | Telephone: (214) 233 6230
Facsimile: (469) 752 55107
5 | *Attorney for Ye & Associates, PLLC
and Jingjing Ye*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN, ABITTAN, JACOB ABITTAN, ALYSSA PORTAL, ELIANA ABITTAN, ROY GRABER, and TOVA GRABER,<br><br>PLAINTIFFS,<br><br>v.<br><br>HANSEN LAW FIRM, P.C., CRAIG HANSEN, STEPHEN HOLMES, SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST, PATRICK O'SHAUGNESSY, YE & ASSOCIATES, PLLC, JINGJING YE, and DOES 1-20, inclusive<br><br>DEFENDANTS, | Case No. 25-cv-05427-SVK<br><br>**DEFENDANTS YE & ASSOCIATES, PLLC AND JINGJING YE'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION (FED. R. CIV. P. 12(B)(5), 12(B)(2))**<br><br>Hearing Date: November 11, 2025<br>Time: 10:00 a.m.<br>Dept.: 6<br>Judge: Hon. Susan van Keulen |

I.      **<u>INTRODUCTION</u>**

Plaintiffs bring this malicious prosecution action against several law firms and attorneys, including Ye & Associates, PLLC ("Ye Firm") and attorney Jingjing Ye ("Ms. Ye"), both of whom are based in Texas. Plaintiffs seek to hale these Texas defendants into a California federal court based on nothing more than Ms. Ye's limited pro hac vice admission in a prior case. Plaintiffs further rely on defective service attempts, leaving the summons and complaint with a front desk manager at a co-working space who expressly disclaimed authority to accept service.

These deficiencies are fatal. First, Plaintiffs failed to properly serve Ye & Associates or Ms. Ye, as required by Rule 4 of the Federal Rules of Civil Procedure and California law. Defective substitute service at a co-working reception desk cannot confer jurisdiction over out-of-state defendants. Second, even if service had been proper, this Court lacks personal jurisdiction. Ye & Associates and Ms. Ye are domiciled in Texas, not California. They maintain no offices, property, or operations in this forum, and Plaintiffs' reliance on pro hac vice admission is legally insufficient to establish either general or specific jurisdiction.

Because Plaintiffs cannot satisfy the fundamental requirements of service or personal jurisdiction, the Complaint must be dismissed as to Ye & Associates and Ms. Ye.

II.     **<u>BACKGROUND</u>**

Plaintiffs Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal, Eliana Abittan, Roy Graber, and Tova Graber (collectively, "Plaintiffs") are residents of New York and Tennessee who filed their original Complaint on June 27, 2025 alleging they were improperly sued in a prior federal action brought by Yuting Chen in this District. Dkt. No. 1. In this case, Plaintiffs bring claims for malicious prosecution against multiple law firms and attorneys, including Hansen Law Firm, P.C. ("Hansen Firm") and SAC Attorneys LLP (SAC Attorneys"),

both based in California, as well as Ye & Associates, PLLC ("Ye Firm"), a Texas company. *Id*. ¶¶ 16-18. Plaintiffs also bring the same claims against multiple the attorneys from those law firms, including attorneys Craig Hansen and Stephen Holmes from the Hansen Firm, James Cai, Brian Barnhorst and Patrick O'Shaugnessy from SAC Attorneys and Jingjing Ye from the Ye Firm ("Ms. Ye"). *Id*. Ms. Ye is a Texas resident licensed to practice law in Texas. *Id*. ¶ 18.

According to the Complaint, Plaintiffs' theory of liability rests on Defendants' alleged initiation and maintenance of a prior federal lawsuit against them in the Northern District of California, which Plaintiffs contend was frivolous and pursued without probable cause. Plaintiffs claim they suffered damages from that action, including attorneys' fees, reputational harm, and emotional distress. *Id*.

The Complaint further asserts that personal jurisdiction is proper in this Court because Defendants "purposefully availed themselves" of California by filing and maintaining the prior federal action here. *Id*. ¶ 6. As to Ye & Associates, PLLC and attorney Jingjing Ye, Plaintiffs rely solely on Ms. Ye's temporary pro hac vice admission in the earlier action as the jurisdictional hook. *Id*. ¶ 18.

Notably, Plaintiffs do not allege that Ye & Associates, PLLC or Ms. Ye reside in California, maintain an office in California, own property in California, or otherwise conduct continuous and systematic business activities in this forum. Instead, Plaintiffs concede that Ye & Associates is organized and domiciled in Texas, and that Ms. Ye is licensed to practice law in Texas.

## III. LEGAL STANDARD

### A. Personal Jurisdiction Under Rule 12(b)(2)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); see also *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th

Cir. 2015). Conclusory allegations are not enough; the plaintiff must allege facts sufficient to establish jurisdiction, or dismissal is warranted. *Hudnall v. Payne*, No. 13-cv-04728-WHO, 2014 WL 524079, at *6 (N.D. Cal. Feb. 6, 2014).

A federal court may exercise personal jurisdiction over a nonresident defendant only if the defendant has "minimum contacts" with the forum such that jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction: general and specific. *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1044 (N.D. Cal. 2018).

General jurisdiction exists only where the defendant is "essentially at home," usually the state of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017). Courts may consider factors such as whether the defendant maintains offices, owns property, or conducts continuous and systematic business in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Specific jurisdiction is evaluated under a three-part test: (1) the nonresident defendant must purposefully direct activities at the forum or avail itself of the privilege of conducting activities there; (2) the plaintiff's claims must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs; if successful, the burden shifts to the defendant to make a "compelling case" that jurisdiction would be unreasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

///

**B. Improper Service of Process Under Rule 12(b)(5)**

Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). A federal court lacks jurisdiction over a defendant if service is insufficient. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

To be effective, service must comply with Rule 4 of the Federal Rules of Civil Procedure. The Ninth Circuit requires "substantial compliance" with Rule 4's requirements. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Where a defendant challenges service under Rule 12(b)(5), the plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). See also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process . . . is fundamental to any procedural imposition on a named defendant.").

### IV. ARGUMENT

**A. The Complaint Should Be Dismissed for Insufficient Service of Process**

Service of process is a prerequisite to the Court's exercise of personal jurisdiction. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). A federal court is without jurisdiction over a defendant unless service complies with Rule 4 of the Federal Rules of Civil Procedure. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Plaintiffs bear the burden of demonstrating proper service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). They have not done so here.

**1. Plaintiffs' Attempted Service on Ye & Associates Was Defective**

Defendants Ye & Associates, PLLC and Jingjing Ye's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(5), 12(b)(2))

Under Rule 4(h), service on a corporation must be made by delivering the summons and complaint to an officer, managing or general agent, or another authorized agent, or by following the law of the state in which the district court sits. Fed. R. Civ. P. 4(h)(1). California law (Cal. Code Civ. Proc. § 416.10) is consistent, requiring service on designated officers or agents. Substitute service under Cal. Code Civ. Proc. § 415.20(a) is permitted only after reasonable diligence in attempting personal service and only if the documents are left with a person "apparently in charge" of the business, followed by mailing a copy to the same address.

Plaintiffs attempted to serve Ye & Associates by leaving the summons and complaint with the front desk manager of Common Desk, the co-working facility where Ye & Associates rents space. *See* Dck. No. 12 at 1 (Affidavit of Service). The front desk manager identified in the Affidavit of Serivce, Jordan Neel, has submitted a declaration confirming that he is not authorized to accept service for Ye & Associates or Ms. Ye. Decl. of J. Neel, ¶ 3. As a co-working receptionist, he is not "apparently in charge" of Ye & Associates' operations. *Id*, ¶ 5.

Courts applying California law have rejected such service attempts. See *Rodriguez v. Cho*, 236 Cal. App. 4th 742 (2015) (receptionist not "apparently in charge" absent evidence of authority); *Falco v. Nissan N. Am., Inc.*, 987 F. Supp. 2d 1071, 1074 (C.D. Cal. 2013) (requiring service on a general manager or similarly responsible agent); *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 931 (C.D. Cal. 2008). Mere knowledge of the lawsuit cannot cure defective service. *Rockefeller Tech. Invs. (Asia) VII v. Changzhou SinoType Tech. Co., Ltd.*, 24 Cal. App. 5th 115, 124 (2018).

Because Plaintiffs did not serve an officer, agent, or anyone "apparently in charge" of Ye & Associates, their attempted substitute service is ineffective. The Court therefore lacks jurisdiction over the firm.

**2. Plaintiffs' Attempted Service on Ms. Ye Individually Was Defective**

Plaintiffs also attempted to serve Ms. Ye individually by leaving the summons and complaint with the same front desk manager at the co-working facility. This attempt fails under Rule 4(e), which allows service on individuals only by: (1) personal delivery; (2) leaving documents at the individual's dwelling with someone of suitable age and discretion who resides there; (3) delivering to an authorized agent; or (4) following applicable state law. Fed. R. Civ. P. 4(e)(1)–(2).

California law permits substituted service at a workplace under Cal. Code Civ. Proc. § 415.20(b), but only if (1) the plaintiff first exercised reasonable diligence in attempting personal service, (2) the documents were left with a person "apparently in charge" of the office, and (3) the plaintiff mailed a copy of the summons and complaint to the same address. Courts have emphasized that reasonable diligence typically requires multiple attempts at personal service. *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 908 (C.D. Cal. 2023).

Here, Plaintiffs did not personally serve Ms. Ye, did not leave the papers with someone "apparently in charge" of her office. The front desk manager of a co-working facility, with no connection to Ms. Ye's law practice, cannot be deemed "apparently in charge" of her business. See *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1166 (N.D. Cal. 2013) (invalidating workplace service where plaintiff failed to show diligence and did not mail copies); *Del Elmer v. Metzger*, 967 F. Supp. 398, 400 (S.D. Cal. 1997) (service at workplace improper where not in compliance with Rule 4).

Because Plaintiffs failed to comply with both Rule 4(e) and California law, their attempt to serve Ms. Ye individually was ineffective. Absent valid service, this Court cannot exercise jurisdiction over her. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

### 3. Conclusion on Insufficient Service of Process

Plaintiffs' attempted service on both Ye & Associates and Ms. Ye was defective. Neither the co-working receptionist nor the co-working facility constitutes a proper agent or "person apparently in charge" under federal or California law. Plaintiffs also failed to exercise reasonable diligence or follow required mailing procedures. Accordingly, the Complaint must be dismissed under Rule 12(b)(5).

## B. The Complaint Should Be Dismissed for Lack of Personal Jurisdiction Over Ye & Associates and Ms. Ye

Plaintiffs' only alleged California contact for Ye & Associates, PLLC and Ms. Ye is Ms. Ye's *pro hac vice* admission in a prior case in this District. That limited, case-specific procedural admission is legally insufficient to establish either general or specific personal jurisdiction.

### 1. No General Jurisdiction

General jurisdiction exists only where a defendant's affiliations with the forum state are so "continuous and systematic" as to render the defendant "at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For corporations, the paradigm forums are the state of incorporation and principal place of business. *Id.*; *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017).

Ye & Associates is a Texas professional limited liability company with its principal place of business in Texas. Ms. Ye is domiciled in Texas and licensed to practice law in Texas. Plaintiffs allege no facts showing that either defendant is incorporated, headquartered, or otherwise "at home" in California. They also allege no continuous and systematic California contacts—such as owning property, maintaining offices, or directing business operations from this state—that could support general jurisdiction. Accordingly, this Court cannot exercise general jurisdiction over the Ye defendants.

### 2. No Specific Jurisdiction

Specific jurisdiction requires that: (1) the defendant purposefully directed activities at the forum or availed itself of the privilege of conducting activities there; (2) the claim arises out of or relates to those forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs. *Id.*

Here, Plaintiffs identify no purposeful availment of California law by the Ye defendants. They do not allege that Ye & Associates has California clients, negotiated contracts governed by California law, or otherwise conducted legal business in the state. See *Simons v. Steverson*, 88 Cal. App. 4th 693, 712–13 (2001) (jurisdiction proper where attorney affirmatively practiced California law on behalf of California clients). Nor do they allege that Ms. Ye engaged in substantive legal representation invoking California law. See *Jacqueline B. v. Rawls Law Group, P.C.*, 68 Cal. App. 5th 243, 258 (2021) (purposeful availment requires substantive reliance on California law, not mere procedural participation).

Because Plaintiffs fail to demonstrate purposeful availment or a nexus between their claims and California-related activities, they cannot satisfy the first two prongs of the specific jurisdiction test. The exercise of jurisdiction would therefore be unreasonable and contrary to due process.

### 3. Pro Hac Vice Admission Is Insufficient to Establish Jurisdiction

Plaintiffs rely solely on Ms. Ye's *pro hac vice* admission in a prior case in this District as a basis for jurisdiction. That reliance is misplaced. *Pro hac vice* status is a limited, case-specific procedural mechanism that permits an out-of-state attorney to appear in a particular matter. It does not create the substantial and continuous contacts required for general or specific

jurisdiction.

The Northern District of California has squarely held that *pro hac vice* admission is insufficient to confer personal jurisdiction. In *Kronzer v. Burnick*, 2004 U.S. Dist. LEXIS 15658 (N.D. Cal. Aug. 6, 2004), the court found no jurisdiction over an Alabama attorney, his secretary, or his law firm, despite the attorney's *pro hac vice* admission in a California case. The court explained that the admission was merely procedural and did not establish the meaningful contacts necessary for jurisdiction.

California law is consistent. Rule 9.40 of the California Rules of Court provides that *pro hac vice* admission authorizes out-of-state attorneys to appear temporarily in a specific case, and trial courts may revoke that admission if warranted. But courts lack authority to extend that status into broader jurisdictional or disciplinary reach. *Sheller v. Superior Court*, 158 Cal. App. 4th 1697 (2008). The limited scope of *pro hac vice* admission underscores that it cannot serve as a basis for exercising jurisdiction in subsequent, unrelated litigation.

### 4. Conclusion on Lanck of Personal Jurisdiction

The Ye defendants are domiciled in Texas, not California. They lack the continuous and systematic contacts necessary for general jurisdiction, and Plaintiffs have not demonstrated purposeful availment or case-related contacts sufficient for specific jurisdiction. *Pro hac vice* admission is a procedural tool, not a jurisdictional hook. Because subjecting a Texas law firm and attorney to jurisdiction in California based solely on temporary, case-specific admission would violate due process, the Complaint should be dismissed under Rule 12(b)(2).

### V.   **CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims against Ye & Associates, PLLC and Ms. Ye. Plaintiffs' attempted service was defective and does not comply with Rule 4 or California law, depriving this Court of jurisdiction under Rule 12(b)(5). Independently, the Court lacks personal jurisdiction under Rule 12(b)(2), as neither Ye & Associates nor Ms. Ye has the requisite contacts with California, and *pro hac vice* admission cannot serve as a jurisdictional hook.

Accordingly, Ye & Associates, PLLC and Ms. Ye respectfully request that the Court grant their Motion and dismiss the Complaint against them in its entirety.

Dated: October 1, 2025                                Respectfully Submitted,

*/s/ JINGJING YE BENNETT*
Jingjing Ye Bennett
YE & ASSOCIATES, P.C.
3400 N Central Expy, Suite 110-321
Richardson, TX 75080
Telephone: (214) 233 6230
Facsimile: (469) 752 55107
Email: jye@yefirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Oct. 1, 2025, a true and correct copy of the foregoing Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ JINGJING YE BENNETT*
Jingjing Ye Bennett