Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Audrey Tam (SBN 305437)
audrey.tam@wilsonelser.com
Stephanie Yee (SBN: 320861)
stephanie.yee@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA  94111
Telephone:     (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendants
HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; and CRAIG HANSEN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA PORTAL, ELIANA ABITTAN, ROY GRABER, and TOVA GRABER,<br><br>Plaintiffs,<br><br>v.<br><br>HANSEN LAW FIRM, P.C., CRAIG HANSEN, STEPHEN HOLMES, SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST, PATRICK O'SHAUGNESSY, YE & ASSOCIATES, PLLC, JINGJING YE, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:  5:25-cv-5427SVK<br><br>***ASSIGNED TO: MAGISTRATE JUDGE SUSAN VAN KEULEN***<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP STATUTE); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6<br>Magistrate Judge Susan Van Keulen<br><br>Complaint Filed: June 27, 2025<br>Trial Date: None Set |

1

322244924v.5

1    **TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

2    PLEASE TAKE NOTICE that on December 2, 2025 at 10:00 a.m. or as soon thereafter as the

3    matter may be heard in the courtroom of Hon. Susan Van Keulen located at the United States

4    District Court for the Northern District of California, 280 South First Street, Courtroom 6, 4th

5    Floor, , San Jose, California, 95113, Defendants Hansen Law Firm, P.C., Stephen Holmes, and

6    Craig Hansen(collectively, "Hansen") will move for an order to strike or dismiss Plaintiffs'

7    Complaint for Malicious Prosecution ("Complaint"), as well as for an order allowing Hansen to

8    recover reasonable fees and costs relating to filing of this motion.

9    The Motion is brought pursuant to FRCP 12(b)(6) and California CCP §425.16, and will

10    be made on the ground that the entire action against Hansen arises from Hansen's exercise of their

11    constitutional right of petition and Plaintiffs cannot make the required evidentiary showing to

12    establish a likelihood of success. Accordingly, the entire complaint should be stricken. Hansen

13    further intend to move for reasonable attorneys' fees and costs pursuant to CCP § 425.16(c), by

14    filing a separate motion after the disposition of their anti-SLAPP motion.

15    This Motion is based on this Notice of Motion, the Memorandum of Points and

16    Authorities, the Declaration of Craig Hansen, the Declaration of Stephen Holmes, the Request

17    for Judicial Notice the Complaint, the entire record from the underlying action (*Chen v. Abittan,*

18    *et al.*, Case No. 4:21-cv-09393 (N.D. Cal.)), all other pleadings, papers, and records on file at the

19    time this Motion is heard, the arguments of counsel; and any other matter the Court may properly

20    consider.

21

22    Dated: October 17, 2025                           WILSON, ELSER, MOSKOWITZ,
                                                        EDELMAN & DICKER LLP
23

24                                                      By: */s/ Peter Catalanotti*
                                                            Peter C. Catalanotti
25                                                          Audrey Tam
                                                            Stephanie Yee
26                                                          Attorneys for Defendants
                                                            HANSEN LAW FIRM, P.C.; STEPHEN
27                                                          HOLMES; and CRAIG HANSEN

28

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16
322249924v.5

# TABLE OF CONTENTS

**Page**

1.  Introduction.................................................................................................................... 8

2.  Statement of Facts........................................................................................................... 9

    a.  Procedural History of the Underlying Action ........................................................ 9

3.  Legal Analysis ............................................................................................................... 11

    a.  The Legal Standard for an anti-SLAPP Motion .................................................... 11

    2.  Hansen is Being Sued for Litigation Activity and Representing Their Client, Automatically Meeting Prong One of the anti-SLAPP analysis........................... 12

    c.  Plaintiffs Cannot Meet Their Burden on Prong Two on Every Element of a Malicious Prosecution Claim................................................................................ 13

        i.  No Favorable Termination Due to Voluntary Dismissal Due to Lack of Litigation Funding ................................................................................ 14

        ii.  The Pleadings in the Underlying Action were Still Being Challenged Procedurally at the Time of the Voluntary Dismissal............................... 16

        iii.  At a Minimum, there was Probable Cause to Initiate and Maintain the Underlying Action.......................................................................... 16

            1.  The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Aiding and Abetting Breach of Fiduciary Duty .......................................................................... 20

            2.  The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Fraud...................................................... 21

            3.  The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Unjust Enrichment................................. 21

            4.  The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Constructive Trust ................................. 22

322249204v.5

5.      The complaint in the Underlying Action Sufficiently Stated
        a Prima Facie Claim for Intentional Infliction of Emotional
        Distress ("IIED") ........................................................................... 22

6.      The complaint in the Underlying Action Sufficiently Stated
        a Prima Facie Claim for Civil Conspiracy ..................................... 23

iv.     Plaintiffs Cannot Meet Their Burden to Show that Hansen had
        Actual Malice .............................................................................. 23

d.      Hansen Must be Dismissed Because Their Defense of the Action Implicates
        Attorney-Client Communications ........................................................ 25

e.      Mandatory Attorney's Fees and Costs Should Be Awarded to Hansen .............. 26

4.   Conclusion ................................................................................................... 26

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beckwith v. Dahl*,
    (2012) 205 Cal.App.4th 1039 ...............................................22

*Briggs v. Eden Council For Hope and Opportunity*,
    (1999) 19 Cal.4th 1106 .....................................................11

*Cantu v. Resolution Trust Corp.*,
    (1992) 4 Cal.App.4th 857 ...................................................15

*Chavez v. Mendoza*,
    (2001) 94 Cal.App.4th 1083 ...............................................13

*Chen v. Abittan, et al.*,
    Case No. 4:21-cv-09393 (N.D. Cal.)
    .....................................8, 9, 10, 11, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

*Communist Party v. 522 Valencia, Inc.*,
    (1995) 35 Cal.App.4th 980 .................................................23

*CoreCivic, Inc. v. Candide Grp., LLC*,
    (9th Cir. 2022) 46 F.4th 1136 .............................................11

*Daniels v. Robbins*,
    (2010) 182 Cal.App.4th 204 ...............................................25

*Downey Venture v. LMI Ins. Co.*,
    (1998) 66 Cal.App.4th 478 .................................................24

*Drummond v. Desmarais*,
    (2009) 176 Cal.App.4th 439 ...............................................15

*Equilon Enterprises v. Consumer Cause*,
    (2002) 29 Ca1.4th 53, 60-61 ...............................................13

*Equilon Enterprises v. Consumer Cause, Inc.*,
    (2002) 29 Cal.4th 53 ....................................................12, 13

*Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP*,
    (2010) 184 Cal.App.4th 313 ...............................................18

*Grindle v. Lorbeer*,
    (1987) 196 Cal.App.3d 14616 .............................................14

*HMS Capital, Inc. v. Lawyers Title Co.*,
    (2004) 118 Cal.App.4th 204 ...............................................24

322249924v.5

*Hufstedler, Kaus & Ettinger v. Superior Court*,
   (1996) 42 Cal. App. 4th 55 ...............................................................................18

*Jarrow Formulas, Inc. v. LaMarche*,
   (2003) 31 Cal.4th 728 .........................................................................13, 14, 18

*JSJ Limited Partnership v. Mehrban*,
   (2012) 205 Cal.App.4th 1512 ..........................................................................15

*Lackner v. LaCroix*,
   (1979) 25 Cal.3d 747 ........................................................................................15

*Lectrodryer v. SeoulBank*,
   (2000) 77 Cal.App.4th 723 ..............................................................................22

*Leonardini v. Shell Oil Co.*,
   (1989) 216 Cal. App. 3d 547 ...........................................................................17

*McDermott, Will & Emery v. Superior Court*,
   83 Cal.App.4th 378 (2000) ..............................................................................26

*Navellier v. Sletten*,
   (2002) 29 Ca1.4th 82, 88..........................................................................12, 13

*Paiva v. Nichols*,
   (2008) 168 Cal.App.4th 1007 ..........................................................................19

*Philipson & Simon v. Gulsvig*,
   (2007) 154 Cal.App.4th 347 ............................................................................13

*Plumley v. Mockett*,
   (2008) 164 Cal.App.4th 1031 ..........................................................................18

*Reilly v. Greenwald & Hoffman*,
   (2011) *LLP*, 196 Cal.App.4th 891, 896-97 ...................................................26

*Roberts v. Los Angeles Cnty. Bar Ass'n.*,
   (2003) 105 Cal.App.4th 604 ............................................................................14

*Ruiz v. Harbor View Community Assoc.*,
   (2005) 134 Cal.App.4th 1456 ..........................................................................12

*Rusheen v. Cohen*,
   (2006) 37 Cal.4th 1048 ....................................................................................23

*Sangster v. Paetkau*,
   (1998) 68 Cal.App.4th 151 .........................................................................14, 17

*Sheldon Appel Co. v. Albert & Oliker*,
   (1989) 47 Cal.3d 863 ...........................................................................14, 17, 18

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

*Solin v. O'Melveny & Myers, LLP*,
   (2001) 89 Cal.App.4th 451 ...................................................................................26

*Soukup v. Law Offices of Herbert Hafif*,
   (2006) 39 Cal.4th 260 .......................................................................................11

*Sycamore Ridge Apartments LLC v. Naumann*,
   (2007) 157 Cal.App.4th 1385 ...........................................................................14

*Temujin Labs Inc., et al. v. Ariel Abittan, et. al.*,
   Superior Court of California, County of Santa Clara, Case No. 20CV372622 .................16, 21

*Walsh v. Bronson*,
   (1988) 200 Cal.App.3d 259 ...............................................................................17

*Wilson v. Parker, Covert & Chidester*,
   (2002) 28 Cal.4th 811 .......................................................................................17

*Yee v. Cheung*,
   (2013) 220 Cal.App.4th 184 .............................................................................18

*Zamos v. Stroud*,
   (2004) 32 Cal.4th 958 ...................................................................................14, 18

**Statutes**

Code Civ. Proc., § 425.16 .............................................................................11, 12, 13

Code Civ. Proc., § 425.16(b)(1) ...........................................................................9, 13

Code Civ. Proc., § 425.16(c) ................................................................................9, 27

Code Civ. Proc., § 425.16, subd. (a) ........................................................................13

**Other Authorities**

First Amendment .........................................................................................................12

**Rules**

FRCP 12(b)(6) ....................................................................................................9, 11, 27

FRCP 12(f) ..................................................................................................................10

FRCP 26(a) ..................................................................................................................10

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

## 1.     Introduction

This matter arises out of Defendants Hansen Law Firm, P.C., Stephen Holmes, and Craig Hansen's (a law firm and its attorneys) (collectively, "Hansen") representation of their client, Yuting Chen ("Chen") in the underlying action entitled, *Chen v. Abittan, et al*., Case No. 4:21-cv-09393 (N.D. Cal.) (the "Underlying Action") from December 3, 2021 to December 19, 2022. Hansen would later withdraw from representation, with Defendants James Cai, Brian Barnhorst, and SAC Attorneys, LLP (collectively, "SAC") substituting in as successor counsel for Chen.

In the Underlying Action, Chen filed suit against (1) Plaintiffs (defendants in the Underlying Action) Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, and Tova Graber (collectively, "Plaintiffs"); and (2) Ariel Abittan ("Ariel")[1] and Realtime NY LLC, who were defendants in the Underlying Action but are not parties in the instant action.

After less than a year, before any discovery was propounded by the parties and while the pleadings were still being challenged, Hansen moved to withdraw from representation of Chen. The court granted the withdrawal.  Successor counsel, SAC, represented Chen going forward.

Eventually the action terminated when Chen ran out of money to fund the litigation and she voluntarily dismissed the action. There was never a determination on the merits of the Underlying Action.

Following the voluntary dismissal of the Underlying Action, Plaintiffs filed the instant action for malicious prosecution against only Chen's former attorneys. However, Plaintiffs cannot succeed because they cannot meet the elements for malicious prosecution; namely, there was no favorable termination on the merits, the action was never found to lack probable cause, and there was no malice against Plaintiffs by Hansen.

This action is a textbook SLAPP suit in which Plaintiffs are suing the attorneys of their litigation opponent in the Underlying Action for doing nothing more than representing their client - this is precisely the type of action that the anti-SLAPP statute was intended to counter. This Court

---

[1] As many individuals referenced here share the same surname, their first names shall be used to refer to them. No disrespect is intended.

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

should strike Plaintiffs' Complaint against Hansen, pursuant to CCP § 425.16(b)(1), award mandatory fees and costs to Hansen under CCP § 425.16(c), and dismiss Hansen from the instant action pursuant to FRCP 12(b)(6).

**2.    Statement of Facts**

Hansen was counsel of record for Chen when she initiated the Underlying Action as the plaintiff. (See RFJN, Ex.1 (ECF No.[2] 1).) In the Underlying Action, Chen alleged that the defendants deceived her into believing that Ariel was the scion of a wealthy family and well connected to wealthy and influential families and people, such as President Trump's son-in-law, Jared Kushner. (*Id.*) Upon such belief that Ariel had exclusive connections to "celebrities, politicians, and the business elite," Chen decided to enter into a business relationship with Ariel to resell luxury watches. (Request for Judicial Notice ("RFJN"), Ex. 1 (ECF No. 1), ¶34.)

Eventually, the relationship soured, and Chen alleged that Ariel unlawfully retained watches and funds; embezzled from Chen; deceived Chen into signing a car loan; and deceived Chen into paying off Ariel's credit card debt; among other things; amounting to damages in the millions of dollars. (See RFJN, Ex.1.)

**a.    Procedural History of the Underlying Action**

On December 3, 2021, Chen filed the complaint in the Underlying Action. (RFJN, Ex. 1 (ECF No. 1).) Hansen represented Chen. (See *id.*) By February 28, 2022, all defendants in the Underlying Action had been served. (RFJN, Ex. 2 (ECF No. 25).) On April 25, 2022, all defendants in the Underlying Action filed their answer. On May 16, 2022, all defendants in the Underlying Action filed an amended answer, this time attaching as exhibits B through I, declarations by Rachel, Jacob, Brian, Alyssa, Abraham, Eliana, Tova, and Roy[3] (the "Declarations"). (RFJN, Ex. 3 (ECF No. 37-2 to 37-9).)

On June 2, 2022, Chen filed a motion to strike the statements regarding the anonymous phone call that demanded $4.5 million / alleged settlement offer for $4.5 million in the Declarations, pursuant to FRCP 12(f). (RFJN, Ex. 4 (ECF No. 40).) On August 28, 2022, the court

---

[2] All references to "ECF No." herein refer to the ECF No. in the Underlying Action (and not to the ECF No. in the instant action).
[3] These are the same declarations Plaintiffs attached to the Complaint in this instant action as exhibits B through I.

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

entered an order denying the motion to strike the Declarations attached as answers to the complaint because while the "attachments to the [a]nswer may be inadmissible,…the [c]ourt finds it is premature to reach that conclusion on the present record." (RFJN, Ex. 5 (ECF No. 51).)

On November 22, 2022, Hansen submitted a notice of withdrawal as counsel for Chen. (RFJN, Ex. 6 (ECF No. 60).) The same day, the court set a hearing for the withdrawal for December 19, 2022. (RFJN, Ex. 7 (ECF No. 61).) On December 16, 2022, SAC filed a notice of appearance as counsel of record for Chen, becoming successor counsel to Hansen. (RFJN, Ex. 8 (ECF No. 62).) On December 19, 2022, the court vacated the December 19, 2022 hearing on Hansen's withdrawal and granted the withdrawal, as successor counsel had appeared. (RFJN, Ex. 9 (ECF No. 63).)

At the time of Hansen's withdrawal, no discovery had been conducted, besides the required initial disclosures pursuant to FRCP 26(a). (Declaration of Craig Hansen ("CH Decl."), ¶3.)

On March 24, 2023, the defendants in the Underlying Action filed a motion for judgment on the pleadings challenging general and specific jurisdiction. (RFJN, Ex. 10 (ECF No. 75).)

On April 18, 2023, Ariel filed a motion for judgment on the pleadings, requesting dismissal because Chen "was required to assert her claims against [Ariel] as compulsory counterclaims in the pending state court action." (RFJN, Ex. 11 (ECF No. 83).)

On April 26, 2023, the court in the Underlying Action entered an order dismissing the case with conditions. (RFJN, Ex. 12 (ECF No. 92).) Chen had requested a voluntary dismissal in open court, and the court granted the same. (RFJN, Ex. 12 (ECF No. 92).) The order did not make a determination on the merits of the Underlying Action; it provided, relevantly:

> At a hearing today in open court, counsel for Plaintiff Yuting Chen moved to voluntarily dismiss this case with prejudice under Fed. R. Civ. P. 41(a)(2). Under that provision, an action may be dismissed only by court order, on terms that the court considers proper. The Court GRANTS dismissal with prejudice, with conditions set forth in this order. (RFJN, Ex. 12 (ECF No. 92).)

On May 15, 2023, defendants in the Underlying Action filed a motion for sanctions, arguing that Chen and her counsel (including Hansen) initiated and maintained the Underlying Action frivolously. (RFJN, Ex.13 (ECF 101).) On June 21, 2023 the court held a hearing on the motion, lasting almost an hour, and denied the sanctions motion for the reasons stated during the

1    hearing. (RFJN, Ex. 14 (ECF 113).)

2    　　　On May 26, 2023, Chen filed a declaration stating that she voluntarily dismissed the

3    Underlying Action because she could no longer maintain the lawsuit due to the "high legal fees

4    associated with" the Underlying Action. (RFJN, Ex.15 (ECF No. 107-1), p. 2, ¶2.) Chen also cited

5    personal impacts because Ariel "published the name and photo of my child and the school where

6    the child goes to school without my permission;" she wanted to be able to take her child back to

7    China; and did not want her parents to continue worrying about her child's exposure. (RFJN, Ex.15

8    (ECF No. 107-1), p. 2, ¶¶3-6.) Chen also cited that the Underlying Action was hurting her luxury

9    watch resale business because watch dealers were blacklisting her after being made aware she was

10   reselling watches via the lawsuit. (RFJN, Ex. 15 (ECF No. 107-1), p. 2, ¶¶7-9.)

11   　　　On June 30, 2023, the court entered a judgment:

12   　　　　　　In accordance with the April 26, 2023, order conditionally dismissing this case with
13   　　　　　　prejudice under Fed. R. Civ. P. 41(a)(2), ECF 92, Judgment is entered against
     　　　　　　Plaintiff Yuting Chen. This matter is now closed, but for the bill of costs permitted
14   　　　　　　in ECF 113. (RFJN, Ex. 16 (ECF No. 114).)

15   **3.    Legal Analysis**

16   　　　**a.    The Legal Standard for an anti-SLAPP Motion**

17   　　　California's anti-SLAPP statute applies in federal court using the same standard as FRCP

18   12(b)(6). (*CoreCivic, Inc. v. Candide Grp., LLC* (9th Cir. 2022) 46 F.4th 1136, 1146.)

19   　　　CCP § 425.16 protects parties to a lawsuit against whom claims have been made for

20   representational misconduct, applying broadly to all litigation-related statements or writings. *(Briggs*

21   *v. Eden Council For Hope and Opportunity* (1999) 19 Cal.4th 1106, 1120-1123.) An attorney for a

22   party is protected under Section 425.16. *(Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th

23   260, 275-278.)

24   　　　CCP § 425.16 posits a two-pronged process for determining whether an action is a SLAPP

25   suit. On the first prong, the court decides whether the defendant has made a threshold showing that

26   the challenged cause of action is one arising from protected activity; and on the second prong, if the

27   court finds that such a showing has been made, it must then determine whether the plaintiff has

28   demonstrated a probability of prevailing on the claim. *(Navellier v. Sletten* (2002) 29 Ca1.4th 82, 88.)

322244924v.5

1    "First, the court decides whether the defendant has made a threshold showing that the challenged

2    cause of action is one arising from protected activity…. If the court finds such a showing has been

3    made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the

4    claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) In making this

5    determination, the court considers "the pleadings, and supporting and opposing affidavits stating

6    the facts upon which the liability or defense is based." (*Id.*) "The plaintiff must demonstrate the

7    complaint is both legally sufficient and is supported by a prima facie showing of facts sufficient

8    to sustain a favorable judgment if the evidence submitted by the plaintiff is given credit." (*Ruiz v.*

9    *Harbor View Community Assoc.* (2005) 134 Cal.App.4th 1456, 1466 [internal citations omitted].)

10    In order to decide whether the anti-SLAPP statute is triggered, the defendant does not have

11    the burden to show that plaintiff intended to chill the defendant's rights by filing the lawsuit.

12    (*Navellier, supra,* 29 Cal.4th at 88.) Similarly, the statute may be triggered even if there was no

13    actual chilling effect on the exercise of such rights. (*Id.*)

14    Finally, "[t]he Legislature did not intend that in order to invoke the special motion to strike

15    the defendant must first establish her actions are constitutionally protected under the First

16    Amendment as a matter of law. If this were the case then the [secondary] inquiry as to whether the

17    plaintiff has established a probability of success would be superfluous." (*Id.* at pp. 94-95.) Instead,

18    the defendant meets his statutory burden by demonstrating that the action arises from any of the

19    four categories identified in section 425.16. (*Equilon Enterprises, supra*, 29 Cal.4th at 66.)

20    **b.    Hansen is Being Sued for Litigation Activity and Representing Their Client,**
      **Automatically Meeting Prong One of the anti-SLAPP analysis**

21

22    The anti-SLAPP statute provides a summary procedure by which defendants may dispose

23    of certain lawsuits at the pleading stage, thereby avoiding the cost and delays of lengthy litigation.

24    (Code Civ. Proc., § 425.16) There are four categories of protected activities to which the anti-

25    SLAPP statute applies. The two categories relevant here preclude liability based on "any written

26    or oral statement or writing made before a … judicial proceeding" or "any written or oral statement

27    or writing made in connection with an issue under consideration or review by a … judicial body[.]"

28    (*Id.*, subd. (e)(1), (2).) The statute provides that its protections "shall be construed broadly." (§

12

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16
322249924v.5

425.16, subd. (a).)

The filing of a lawsuit qualifies as "petitioning" activity under the anti-SLAPP statute. (See *Philipson & Simon v. Gulsvig* (2007) 154 Cal.App.4th 347, 358.) A complaint for malicious prosecution is necessarily based on protected speech and petitioning activity. (*Jarrow Formulas, Inc., supra,* 31 Cal.4th at 734–735 (a malicious prosecution action falls within the purview of anti-SLAPP statute because it arises from protected activity, i.e., the filing and prosecution of the underlying lawsuit said to be malicious).

Here, Plaintiffs' cause of action for malicious prosecution is *automatically subject* to the first prong of the anti-SLAPP statute, which presumptively applies to an attorney's alleged misconduct or wrongdoing in a judicial proceeding. *(Equilon Enterprises , supra*, 29 Cal.4th at 60-61.) Because Plaintiffs' malicious prosecution claim arises entirely and only from Hansen's protected petitioning activity in the Underlying Action, under § 425.16(b)(1) the burden shifts to Plaintiffs to "rebut the presumption by showing a reasonable probability of success on the merits." *(Equilon, supra,* 29 Ca1.4th at 61.) "[T]he trial court, in making these determinations, considers the "supporting and opposing affidavits stating the facts upon which the liability or defense is based." *(Id.,* at 67.) The burden is on Plaintiffs to produce evidence that would be admissible at trial: i.e., to proffer a prima facie showing of facts supporting a judgment in Plaintiffs' favor. *(Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087.)

### c.    Plaintiffs Cannot Meet Their Burden on Prong Two on Every Element of a Malicious Prosecution Claim

Once a defendant shows that the anti-SLAPP statute applies, the burden shifts to the plaintiff to establish 'a probability that the plaintiff will prevail on the claim,' *i.e.*, it must make "a sufficient *prima facie* showing of facts to sustain a favorable judgment." (*Navellier*, *supra*, 29 Cal.4th at 88-89 (citations and quotations omitted).) Plaintiffs cannot satisfy this burden by relying on the allegations of the complaint. They must produce competent evidence that would be admissible at trial. (*Roberts v. Los Angeles Cnty. Bar Ass'n.* (2003) 105 Cal.App.4th 604, 613-14). Plaintiffs cannot meet this burden here.

1    To establish a cause of action for malicious prosecution, a plaintiff must plead and prove

2    that the prior action: (1) was commenced by or at the direction of the defendant and was pursued

3    to a legal termination in the malicious prosecution plaintiff's favor; (2) was brought without

4    probable cause, or that the defendant continued to prosecute it after discovering it lacked probable

5    cause; and (3) was initiated or continued with malice. *(Zamos v. Stroud* (2004) 32 Cal.4th 958,

6    965-966.)

7    Malicious prosecution is a disfavored cause of action because of its "potential to impose an

8    undue 'chilling effect' on the ordinary citizen's willingness to ... bring a civil dispute to court" and it

9    constitutes a new round of litigation itself *(Id.,* at 966.) "Only those actions that any reasonable

10   attorney would agree are totally and completely without merit may form the basis for a malicious

11   prosecution suit." *(Id.)* An action has probable cause if "any reasonable attorney would have

12   thought the claim tenable." *(Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th

13   1385, 1402.) The court reviews the allegations in the underlying complaint liberally, in a light most

14   favorable to the malicious prosecution defendant. *(Sangster v. Paetkau* (1998) 68 Cal.App.4th 151,

15   164-165.) The prior complaint must be read so as to avoid a serious chilling effect on the assertion

16   of litigants' rights, "because [c]ounsel and their clients have a right to present issues that are

17   arguably correct, even if it is extremely unlikely that they will win." *(Sheldon Appel Co. v. Albert &*

18   *Oliker* (1989) 47 Cal.3d 863, 885.) Zealous representation sometimes requires an attorney to go out

19   on a limb, to be innovative and creative in fashioning theories of liability or defense. Accordingly,

20   an attorney needs only a reasonable and honest belief in the viability of each theory and the

21   evidence supporting that theory, not a conviction his client will prevail, to justify filing a claim or

22   defense. *(Grindle v. Lorbeer* (1987) 196 Cal.App.3d 1461, 14671468; *See also, Jarrow Formulas,*

23   *Inc., supra,* 31 Cal.4th at 743 ["[E]very case litigated to a conclusion has a losing party, but that

24   does not mean the losing position was not arguably meritorious when it was pled. And just as an

25   action that ultimately proves nonmeritorious may have been brought with probable cause,

26   successfully defending a lawsuit does not establish that the suit was brought without probable

27   cause."].)

28          **i.    No Favorable Termination Due to Voluntary Dismissal Due to Lack of
                    Litigation Funding**

In order to prevail on a claim for malicious prosecution, a plaintiff must show that there was a favorable termination of the underlying action that related to the merits of the case and indicated the innocence or lack of responsibility for the alleged misconduct. (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751.) The termination must reflect the opinion of the court that the action or claim(s) lacks merit. (*Id*. at 750.) By way of contrast, a dismissal based on jurisdictional grounds is procedural in nature and does not represent the opinion of the court that the action or claim(s) lacks merit. (*Id*.) Therefore, if the dismissal of a claim is for lack of jurisdiction, which is procedural in nature and does not go to the merits of the case, a cause of action will not lie for malicious prosecution because there has been no favorable termination. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 882.) "'[A] voluntary dismissal on technical grounds, such as lack of jurisdiction, laches, the statute of limitations or prematurity, does not constitute a favorable termination because it does not reflect on the substantive merits of the underlying claim. . . .' " (*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, 456.)

"[I]t is not enough that the present plaintiff (former defendant) prevailed in the action. The termination must "'reflect on the merits,'" and be such that it 'tended to indicate [the former defendant's] innocence of or lack of responsibility for the alleged misconduct.'" (*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, 450, internal citations omitted.)

> The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits." [Citations.]' Whether that dismissal is a favorable termination for purposes of a malicious prosecution claim depends on whether the dismissal of the [earlier] Lawsuit is considered to be on the merits reflecting [plaintiff's 'innocence' of the misconduct alleged. (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1524, internal citations omitted.)

Here, Plaintiffs cannot meet the element of favorable termination because there was no determination on the merits of the Underlying Action that demonstrated Plaintiffs were innocent of the allegations of the complaint. To wit, the Order Dismissing the Case with Conditions stated:

> At a hearing today in open court, counsel for Plaintiff Yuting Chen moved to voluntarily dismiss this case with prejudice under Fed. R. Civ. P. 41(a)(2). Under that provision, an action may be dismissed only by court order, on terms that the court considers proper. The Court GRANTS dismissal with prejudice, with conditions set forth in this order. The Court retains jurisdiction to address the

following issues[4]. (RFJN, Ex. 12 (ECF No. 92).)

The court made no determination as to the merits of the action; it did not indicate that Plaintiffs were innocent of the allegations made against them; the dismissal was wholly unrelated to the merits of the case.

The Underlying Action was terminated because Chen ran out of funds to maintain the litigation. (RFJN, Ex. 15 (ECF No. 107-1).) Chen also wanted to protect her child from exposure and prevent further visibility the lawsuit was bringing to her watch resale business. (*Id.*)

Plaintiffs cannot be said to have prevailed on the merits of the Underlying Action nor were they found innocent of the allegations against them. The voluntary dismissal of the Underlying Action for reasons other than ones based upon the merits of the claims cannot meet the element of favorable termination.

### ii.    The Pleadings in the Underlying Action were Still Being Challenged Procedurally at the Time of the Voluntary Dismissal

Moreover, the Underlying Action had not yet reached a stage in the litigation where the parties were litigating the merits of the claims. At the time of the voluntary dismissal of the Underlying Action, a motion for judgment on the pleadings by Ariel was pending, arguing that the Underlying Action should be dismissed on the **procedural grounds** that the complaint should have been asserted as a compulsory counterclaim in the prior-filed action entitled, *Temujin Labs Inc., et al. v. Ariel Abittan, et. al*., Superior Court of California, County of Santa Clara, Case No. 20CV372622. (RFJN, Ex. 11 (ECF No. 83).) Thus, at the time of the dismissal, the parties were still in the stage of making procedural challenges to the complaint.

Further, the docket does not reflect any orders, motions, or other pleadings providing a substantive determination on the merits for any issue in the complaint (i.e. motion for summary judgment). (See RFJN, Ex. 17.)

Plaintiffs cannot meet their burden to demonstrate that they have a likelihood of prevailing on this element of their malicious prosecution claim.

### iii.    At a Minimum, there was Probable Cause to Initiate and Maintain the Underlying Action

---

[4] The issues were a (1) potential sanctions motion; (2) potential protective order; and (3) potential motion to withdraw. (RFJN, Ex. 12 (ECF No. 92).)

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

1    Probable cause exists "if any reasonable attorney would have thought the claim tenable"—

2    i.e., "arguably meritorious." (*Sheldon Appel Co., supra*, 47 Cal.3d at 886). "In all cases, probable

3    cause is to be determined by an objective standard. If any reasonable attorney would have thought

4    the claim made in the prior action tenable, then it is not lacking in probable cause and the defendant

5    is entitled to judgment in the malicious prosecution action regardless of what the defendant's

6    subjective belief or intent may have been." (*Sangster, supra,* 68 Cal.App.4th at 165, citing to

7    *Sheldon Appel, supra*, 47 Cal. 3d at pp. 878-879, 885-886; *Leonardini v. Shell Oil Co.* (1989) 216

8    Cal. App. 3d 547, 568-569.) "'The facts to be analyzed for probable cause are those known to the

9    defendant [in the malicious prosecution action] at the time the underlying action was filed.'"

10   (*Walsh v. Bronson* (1988) 200 Cal.App.3d 259, 264, internal citations omitted.) An attorney is not

11   required to predict how the trier of fact will weigh competing evidence, and attorneys have the

12   right to even bring claims they think may be unsuccessful, so long as it is arguably meritorious.

13   (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 822.)

14       In the malicious prosecution context, determining whether there is probable cause for an

15   attorney to litigate the underlying complaint involves an objective inquiry into the reasonableness

16   of bringing the suit. (*Sheldon Appel Co. , supra*, 47 Cal.3d at 878.) In other words, there is probable

17   cause if, "<u>any reasonable attorney</u> would have thought the claim tenable." (*Id*. at p. 886, emphasis

18   added.) This does not mean the lawyer's actions must be "reasonable," but that they need only be

19   <u>*legally tenable*</u>. (*Id*. at p. 880, emphasis added.) It is not enough for Plaintiffs to simply assert that

20   Hansen lacked probable cause for the claims, rather they bear the substantial burden to prove that

21   "*all* reasonable lawyers agree" that Chen's claims against them "totally lack merit." (*Jarrow*,

22   *supra*, 31 Cal.4th at 743 fn. 13 (italics in original).)

23       "Generally, a claim is legally tenable if the claim is (1) legally sufficient, and (2)

24   substantiated by competent evidence." (*Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP*

25   (2010) 184 Cal.App.4th 313, 357.) If there is no dispute concerning the existence of the facts relied

26   upon to show probable cause, the trial court must then determine as a matter of law whether such

27   undisputed facts warrant an inference of probable cause. (*Sheldon Appel*, *supra*, 47 Cal.3d at p.

28   886.) This is "a low threshold designed to protect a litigant's right to assert arguable legal claims

even if the claims are extremely unlikely to succeed." (*Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1047.) In determining whether an action was arguably tenable the court must construe the complaint in a light most favorable to the malicious prosecution defendant. (*Yee v. Cheung* (2013) 220 Cal.App.4th 184, 200.)

The tort of malicious prosecution also includes the act of "continuing to prosecute a lawsuit discovered to lack probable cause." (*Zamos v. Stroud, supra,* 32 Cal.4th at 973.) In determining the probable cause issue, the same standard applies "to the continuation as to the initiation of a suit." (*Id.* at p. 970.) The reasonableness of counsel's persistence in continuing to prosecute is a question of law to be decided on a case-by-case basis. (*Id*. at 970, fn. 9.)

> In analyzing the issue of probable cause in a malicious prosecution context, the trial court must consider both the factual circumstances established by the evidence and the legal theory upon which relief is sought. A litigant will lack probable cause for his action either if he relies upon facts which he has no reasonable cause to believe to be true, or if he seeks recovery upon a legal theory which is untenable under the facts known to him. (*Sangster, supra,* 68 Cal.App.4th at 164–165.)

"If undisputed facts in the record do establish an objectively reasonable basis for bringing the underlying action, the existence of other, allegedly disputed facts is immaterial. (*Id*. at 167, citing to *Hufstedler, Kaus & Ettinger v. Superior Court* (1996) 42 Cal. App. 4th 55, 62.)

Under the "any reasonable attorney" standard, Plaintiffs must establish that "no reasonable attorney would have thought the claim tenable" in order to establish a lack of probable cause. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1018-19.)

Here, Plaintiffs allege lack of probable cause "[f]rom [the complaint's] inception but no later than May 16, 2022, and always thereafter, [Hansen] knew, and any reasonable attorney would have known, that Chen's claims against Plaintiffs had no merit whatsoever." (Complaint, ¶¶23, 31.)

From the initiation of the Underlying Action to the substitution of Hansen out of the case, there was probable cause to maintain the action. First, neither the Declarations nor any facts known to Hansen eliminated probable cause to maintain the lawsuit. (CH Decl., ¶¶4-5; Declaration of Stephen Holmes ("SH Decl."), ¶¶3-4.) There was no evidence known to Hansen, from the time of the initiation of the complaint to the withdrawal of Hansen, that conclusively negated Chen's prima

1   facie case against Plaintiffs. (CH Decl., ¶4-6; SH Decl., ¶¶3-5.)

2        The Complaint predicates a lack of probable cause upon the filing of the declarations of

3   Plaintiffs in the Underlying Action. (Complaint, ¶23.) Plaintiffs allege that once Hansen received

4   the signed declarations from Plaintiffs, Hansen should have understood that the Underlying Action

5   had no merit, as against Plaintiffs, because Plaintiffs either declared that they had never met

6   someone who had introduced herself to them as "Yuting Chen" and/or denied involvement in the

7   luxury watch business between Chen and Ariel; and they denied being the ones to make a

8   threatening phone call to Chen. (Complaint, ¶¶8-15, exhibits B through I.) However, these

9   Declarations were insufficient to establish that Chen's action against Plaintiffs had no merit

10  because they merely presented self-serving opposing allegations that did not conclusively establish

11  the facts one way or the other. The Declarations did not present any verifiable facts that provided

12  conclusive evidence that there was no probable cause for Chen's claims. Faced with contradictory

13  statements presented by litigation opponents, Hansen reasonably maintained probable cause to

14  believe that the facts alleged by their client were true.

15       The Declarations did not present facts that were undisputed or that could not reasonably be

16  disputed. Hansen, on one hand, had a client who alleged that Plaintiffs made misrepresentations to

17  her and convinced her to go into business with Ariel; and on the other hand, Plaintiffs presented

18  self-serving Declarations denying involvement in the luxury watch business and making a

19  threatening phone call to Chen. Plaintiffs did not present any verifiable facts disproving any of the

20  allegations of the complaint.

21       Further, in the Declarations, Plaintiffs Rachel, Jacob, Brian, Alyssa, Abraham, and Eliana

22  all admitted that they had met Chen[5], while Plaintiffs Tova and Roy denied any interaction with

23  Chen. This only served to confirm that there was a background to the relationship between Ariel

24  and members of his family.

25       Additionally, in the Underlying Action, Chen had alleged that Plaintiffs had falsely

26  represented their status and connections to her. Their Declarations confirmed that Plaintiffs were

27

28

---

[5] The Declarations raised that Chen never used the name "Yuting Chen" to introduce herself, but imply that the person Plaintiffs knew as "Tiffany Chen" was "Yuting Chen," as she was the person with whom Ariel was engaged in the watch business.

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

3222449i4v.5

1    not as powerfully connected as Chen understood them to be and then denied that they made

2    misrepresentations to Chen.

3        Chen also alleged that there was a threatening phone call made by an anonymous person

4    associated with Ariel's family (RFJN, Ex. 1 (ECF No. 1), ¶64.) Plaintiffs all denied they made the

5    call. (Declarations.) The Declarations presented no verifiable evidence that an unknown person

6    associated with Ariel's family did not make the call; thus there was still probable cause to maintain

7    the Underlying Action.

8        In the face of conflicting evidence from interested percipient witnesses, as is common in

9    litigation, there would have been no reason for Hansen to conclude that the Underlying Action

10    lacked merit or probable cause. No reasonable attorney would have concluded that the self-serving

11    Declarations that purported to contradict their client's factual allegations destroyed probable cause

12    to maintain the action.

13        At the time of Hansen's substitution out of the Underlying Action, the only discovery

14    conducted were the mandatory disclosures pursuant to FRCP 26(a). (CH Decl., ¶3.) The parties

15    were still in the stage of challenging the pleadings, as shortly before the substitution, all defendants

16    made a procedural challenge to the complaint based upon jurisdiction; and Ariel made a procedural

17    challenge to the complaint on the basis that it was a mandatory counterclaim to the ongoing and

18    prior-filed *Temujin* Action. (RFJN, Ex. 11 (ECF No. 83).) The parties, still in the pleadings stage,

19    had not begun to propound discovery; there could not have been any verifiable evidence produced

20    in discovery to show that the claims lacked probable cause.

21        Further, in the Underlying Action, Plaintiffs already attempted to argue to the court that

22    the action was brought frivolously in Plaintiffs' motion for sanctions. (RFJN, Ex. 13 (ECF No.

23    101).) The court denied the motion. (RFJN, Ex. 14 (ECF No. 113).)

24        Finally, as discussed below, there was probable cause to initiate the Underlying Action.

25    Hansen justifiably and reasonably believed that Chen had tenable legal theories, based upon the

26    facts she alleged, to initiate the action against Plaintiffs.

27        **1.    The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Aiding and Abetting Breach of Fiduciary Duty**

28

322244924v.5

1
2
3
4
5
6

> A defendant is liable for aiding and abetting another in the commission of an intentional tort, including a breach of fiduciary duty, if the defendant " ' "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." ' " [citation omitted] The elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. [citations omitted.]" (*Nasrawi v. Buck Consultants LLC* (2014) 231 Cal.App.4th 328, 343.)

7
8
9
10
11
12
13

Here, the complaint in the Underlying Action sufficiently alleged a facial claim for aiding and abetting a breach of fiduciary duty. The complaint alleged that Plaintiffs assisted Ariel, who had a fiduciary relationship with Chen based upon their business arrangement, in lying to and defrauding Chen. (RFJN, Ex. 1 (ECF No. 1), ¶¶84-89.) The complaint alleged that Plaintiffs knew about the fiduciary relationship, assisted in Ariel's breach, and were substantial factors in the harm. (*Id.*) Further, if there was a facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

14

### 2.    The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Fraud

15
16
17

The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1060.)

18
19
20
21
22
23

Here, the complaint in the Underlying Action sufficiently alleged a facial claim for fraud. The complaint alleged that Ariel and "his co-defendant family members formulated a detailed plan to defraud Chen in connection with her watch business;" made knowing misrepresentations with the intent to defraud; and caused Chen damages. (RFJN, Ex. 1 (ECF No. 1), ¶¶32-44, 60, 92-97.) Further, if there was a facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

24
25

### 3.    The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Unjust Enrichment

26
27
28

The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." (*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726.)

322449z4v.5

Here, the complaint in the Underlying Action sufficiently alleged a facial claim for unjust enrichment. The complaint alleged that Arial received benefits from defrauding, converting property, etc. at Chen's expense and that Plaintiffs received money and/or property from Ariel as a result. (RFJN, Ex. 1 (ECF No. 1), ¶¶106-108.) Further, if there was a facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

### 4. The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Constructive Trust

"A constructive trust is an involuntary equitable trust … as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner. [Citations.] The essence of the theory of constructive trust is to prevent unjust enrichment …" (*Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 990.)

Here, by making a facial allegation that Plaintiffs were unjustly enriched, Chen was entitled to request the imposition of a constructive trust in the Underlying Action. Further, if there was a facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

### 5. The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Intentional Infliction of Emotional Distress ("IIED")

A cause of action for intentional infliction of emotional distress requires: (1) extreme and outrageous conduct by appellants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the appellants' outrageous conduct. [citation]. (*Belen v. Ryan Seacrest Productions, LLC* (2021) 65 Cal.App.5th 1145, 1164.)

Here, the complaint in the Underlying Action sufficiently alleged a facial claim for IIED. The complaint alleged Plaintiffs were responsible for a phone call attempting to extort $4.5 million from Chen and threatening her family's safety, security, and reputation. (RFJN, Ex. 1 (ECF No. 1), ¶¶122-126.) An " unidentified caller made it abundantly clear that he was associated with the Abittan family," specifically threatening her children, family's reputation, and that Chen would be prevented from returning to her home country. (*Id*. at ¶64.) The complaint alleged that the phone call caused Chen "extreme and severe emotional distress." . (*Id*. at ¶124.) Further, if there was a

facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

### 6. The complaint in the Underlying Action Sufficiently Stated a Prima Facie Claim for Civil Conspiracy

"The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design. [citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062.)

Here, the complaint in the Underlying Action sufficiently alleged a facial claim for a civil conspiracy. The complaint alleged that defendants, including Plaintiffs, acted in concert to defraud Chen. (RFJN, Ex. 1 (ECF No. 1), ¶¶129-131.) Plaintiffs were alleged to have made "repeated false and fraudulent misrepresentations and omissions." (RFJN, Ex. 1 (ECF No. 1), ¶131.) Further, if there was a facial deficiency, as Plaintiffs are alleging in the instant action, they did not move to dismiss or make a similar challenge in the Underlying Action.

At the initiation of the Underlying Action, Chen claims were supported facially with sufficient allegations.

### iv. Plaintiffs Cannot Meet Their Burden to Show that Hansen had Actual Malice

An independent reason why Plaintiffs' cause of action for malicious prosecution fails is that Plaintiffs cannot establish that Hansen acted with actual malice toward them in prosecuting the Underlying Action. The evidentiary standard to establish the element of malice requires admissible evidence establishing actual hostility or ill will; or, a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the wrongfully sued defendant's expense – an improper purpose. *(Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 498-499.) Improper purpose can be shown where:

> (1) the person bringing the suit does not believe that the claim may be held valid; (2) the proceeding is initiated primarily because of hostility or ill will; (3) the proceeding is initiated solely for the purpose of depriving the opponent of a beneficial use of property; or (4) the proceeding is initiated for the purpose of forcing a settlement bearing no relation to the merits of the claim. (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 224.)

1    The motive of the defendant must have been something other than that of bringing a perceived

2  guilty person to justice or the satisfaction in a civil action of some personal or financial purpose. *(Id.,*

3  at p. 494.) A lack of probable cause alone will not support a finding of malice. *(HMS Capital, Inc. v.*

4  *Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 218.)

5    Malice relates to a defendant's *subjective* intent or purpose in bringing the underlying action: a

6  client's ill will or improper motive in initiating an action cannot he imputed to the client's attorney, and

7  lack of probable cause is not itself sufficient to show that the client's attorney acted with malice.

8  *(Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 224-227 [malice on attorneys' part was not shown

9  by lack of evidentiary support for the factual allegations in the underlying action, lack of factual

10  investigation, probability that underlying litigant had actual ill will toward malicious prosecution

11  plaintiff, or underlying litigant's refusal to dismiss].) "[E]ven if no competent evidence was adduced

12  in discovery to support claims in an underlying action, this does not, on its own, support a finding of

13  malice. [citation.]" (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 225.) A "lawyer 'is entitled to

14  rely on information provided by the client.' [citation.]" (*Id.* at 223.)

15    Here, the Complaint alleges that Hansen's "lack of investigation is evidence of their

16  subjective malicious intent" along with the initiation of the Underlying Action, knowing that the

17  claims were legally untenable. (Complaint ¶25.) It alleges that Hansen "acted maliciously and

18  intentionally for the improper purpose of retaliating against Ariel … and/or injuring or damaging

19  Plaintiffs." (Complaint, ¶31.)

20    However, a failure to adequately investigate a claim before filing suit does not satisfy the

21  element of malice. (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 225.) A lack of probable cause

22  (i.e. knowing that the claims were legally untenable) is insufficient to show malice, even when

23  discovery demonstrates a lack of competent evidence to support the claim. *(Daniels v. Robbins*

24  (2010) 182 Cal.App.4th 204, 225.) Further, as discussed above, Hansen, at all relevant times, had

25  probable cause. Plaintiffs cannot present any admissible evidence that Hansen knowingly brought an

26  action on behalf of their client without probable cause.

27    Plaintiff cannot present any admissible evidence that Hansen harbored ill will towards

28  Plaintiffs. Hansen was retained to represent Chen in the Underlying Action. Hansen did not have

24

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

any personal relationships with the Plaintiffs. (CH Decl, ¶7; SH Decl., ¶6.) Hansen did not and had no reason to subjectively harbor any personal malice against Plaintiffs. (CH Decl., ¶¶8-13; SH Decl, ¶¶7-12.) There is no evidence of malice by Hansen, nor are there any factual allegations of malice alleged in the Complaint. Hansen also justifiably relied upon the information provided by their client.

Plaintiffs cannot meet their burden of establishing that Hansen had actual malice towards them in the initiation and continued prosecution of the Underlying Action until their withdrawal from the case.

### d.  Hansen Must be Dismissed Because Their Defense of the Action Implicates Attorney-Client Communications

Where a lawyer's defense relies on privileged communications such that the lawyer cannot meaningfully defend itself without disclosing those communications, the case must be dismissed on due process grounds. (*McDermott, Will & Emery v. Superior Court*, 83 Cal.App.4th 378 (2000); *Solin v. O'Melveny & Myers*, LLP (2001) 89 Cal.App.4th 451.) In *McDermott*, a shareholder brought a derivative legal malpractice action against a company's outside counsel. (*McDermott*, *supra*, 83 Cal.App.4th at 384. *McDermott* established a broad and clear rule that, absent a waiver, the attorney-client privilege bars shareholders from proceeding with a derivative action against outside counsel, where outside counsel's defense relies on information protected by the company's attorney-client privilege. (See also *Reilly v. Greenwald & Hoffman LLP* (2011) 196 Cal.App.4th 891, 896-97 (following *McDermott* and dismissing shareholder derivative action brought by minority shareholder because attorney's due process right to present a defense would be violated given attorney's inability to disclose privileged information).

In *Solin*, the plaintiff was an attorney who retained the defendant firm for advice on issues regarding the attorney's representation of his clients; in seeking advice, the attorney disclosed confidential information about his clients, implicating them in criminal activities. (*Solin, supra*, 89 Cal.App.4th at 453-455.) The attorney later sued the firm for malpractice. (*Id*.) In order to defend itself, the firm necessarily had to rely on the confidential and privileged information of the client. (*Id*. at 456.) Yet, neither the attorney nor the firm controlled that attorney-client privileged material; the ability to waive the privilege existed only with the client. (*Id*. at 457-458.) The *Solin*

court affirmed the dismissal of the action, recognizing that due process is offended when the lawyer's defense is hindered by the attorney-client privilege and the privilege has not been waived. (*Id.* at 463, 475-476.)

Here, as discussed above, the Complaint alleges, in part, that Hansen lacked probable cause because the Declarations by Plaintiffs provided sworn testimony about their involvement (or lack thereof) in the acts or omissions complained of in the Underlying Action. Based upon the allegations of the Complaint, the malicious prosecution analysis necessarily implicates Hansen's knowledge and their discussions with their client. Because this presents a "he said / she said" type of situation in which Plaintiffs and Chen's percipient versions of events differed, this necessarily implicates Hansen's discussions with Chen regarding the statements made in the Declarations. If Chen provided Hansen with information that would further support the existence of probable cause for the claims in the Underlying Action, Hansen is unable to use the same to defend themselves in the instant action because of the attorney-client privilege.

Chen has not waived the attorney-client privilege. (CH Decl., ¶14; SH Decl., ¶13.) Hansen would be hampered in their ability to fully defend themselves in this instant action. Thus, this is a separate and independent reason Hansen must be dismissed from this instant action.

### e.    Mandatory Attorney's Fees and Costs Should Be Awarded to Hansen

Pursuant to CCP § 425.16(c), this Court should award mandatory attorney's fees and costs to Hansen.

## 4.    Conclusion

For the foregoing reasons, Hansen's anti-SLAPP motion and FRCP 12(b)(6) motion to dismiss should be granted. Hansen should be awarded mandatory fees and costs pursuant to CCP § 425.16(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: October 17, 2025

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: */s/ Peter Catalanotti*
    Peter C. Catalanotti
    Audrey Tam
    Stephanie Yee
    Attorneys for Defendants
    HANSEN LAW FIRM, P.C.; STEPHEN
    HOLMES; and CRAIG HANSEN

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

322249924v.5

**PROOF OF SERVICE**

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court, Northern District, Case No. 5:25-cv-5427

At the time of service I was over 18 years of age and not a party to this action.  I am employed by Wilson, Elser, Moskowitz, Edelman & Dicker LLP in the County of San Francisco, State of California.  My business address is 655 Montgomery Street, Suite 900, San Francisco, California 94111.  My business Facsimile number is (415) 434-1370.  On this date I served the following document(s):

**NOTICE OF MOTION AND MOTION OF DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP STATUTE); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒:    By E-Service in conjunction with E-Filing the document(s) listed above through the Court's CM/ECF system, which effects electronic service on counsel and parties who are registered with the CM/ECF system.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 17, 2025, at San Francisco, California.

*/s/ Peter Catalanotti*
Peter Catalanotti

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

322249924v.5

1

## SERVICE LIST

2

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court Case No. 5:25-cv-5427

3

| | |
|---|---|
| Brianna K. Pierce (SBN 336906)<br>BELLATRIX LAW, P.C.<br>16868 Via Del Campo Ct., Ste 100<br>San Diego, California 92127<br>Telephone: (858) 338-5650<br>Email: bkp@bellatrix-law.com<br><br>***Attorneys for Plaintiffs***<br>**Abrahham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal, Eliana Abittan, Roy Graber, and Tova Graber** | Bruce Douglas MacLeod<br>DAVIS, BENGTSON & YOUNG<br>1960 The Alameda, Ste 210<br>San Jose, CA 95126<br>Telephone: (669)288-6727<br>Email: bmacleod@dby-law.com<br><br>***Attorneys for Defendants***<br>**James Cai, Brian Barnhorst, Patrick O'Shugnessy** |
| Jingjing Ye Bennett<br>YE & ASSOCIATES, P.C.<br>3400 N Central Expy, Ste 110-321<br>Richardson, TX 75080<br>Telephone: (469)410-5232<br>Email: jye@yefirm.com<br><br>***Attorneys for Defendants***<br>**Ye & Associates PLLC and Jingjing Ye** | |

DEFENDANTS HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; AND CRAIG HANSEN'S SPECIAL
MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) AND CA CCP § 425.16

322249924v.5