1  Peter C. Catalanotti (SBN 230743)
   peter.catalanotti@wilsonelser.com
2  Audrey Tam (SBN 305437)
   audrey.tam@wilsonelser.com
3  Stephanie Yee (SBN: 320861)
   stephanie.yee@wilsonelser.com
4  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
5  655 Montgomery Street, Suite 900
   San Francisco, CA  94111
6  Telephone:     (415) 433-0990
   Facsimile:     (415) 434-1370
7
   Attorneys for Defendants
8  HANSEN LAW FIRM, P.C., STEPHEN HOLMES, and CRAIG HANSEN

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

| ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA PORTAL, ELIANA ABITTAN, ROY GRABER, and TOVA GRABER, | Case No.:  5:25-cv-5427SVK |
|---|---|
| Plaintiffs, | **DECLARATION OF STEPHEN HOLMES IN SUPPORT OF DEFENDANTS HANSEN LAW FIRM, P.C., STEPHEN HOLMES, AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16** |
| v. | |
| HANSEN LAW FIRM, P.C., CRAIG HANSEN, STEPHEN HOLMES, SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST, PATRICK O'SHAUGNESSY, YE & ASSOCIATES, PLLC, JINGJING YE, and DOES 1-20, inclusive, | |
| Defendants. | Date: December 2, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6<br>Magistrate Judge Susan Van Keulen |

///

1

DECLARATION OF STEPHEN HOLMES IN SUPPORT OF DEFENDANTS HANSEN LAW FIRM, P.C., STEPHEN HOLMES, AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

I, Stephen Holmes, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Hansen Law Firm, P.C., former counsel for Yuting Chen ("Chen") in the underlying action entitled, *Chen v. Abittan, et al.*, Case No. 4:21-cv-09393 (N.D. Cal.) (the "Underlying Action").

2. This declaration is submitted in support of Defendants Hansen Law Firm, p.c., Stephen Holmes, and Craig Hansen's Special Motion to Strike Plaintiffs' Complaint Pursuant to FRCP 12(b)(6) and California CCP § 425.16. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

3. At the time of my and my law firm's substitution out of the Underlying Action, neither I nor, to my knowledge, my law firm, received any evidence, formally or informally, from Plaintiffs' counsel in the Underlying Action that my (now former) client's causes of action against Plaintiffs lacked merit or probable cause. Nor did I receive evidence, formally or informally, from any other source that my (now former) client's causes of action against Plaintiffs lacked merit or probable cause.

4. The declarations by Plaintiffs attached to their amended answer in the Underlying Action did not eliminate probable cause to maintain my (now former) client, Chen's, claims against Plaintiffs (defendants in the Underlying Action).

5. While my firm and I represented Chen in the Underlying Action, at no time did I believe that my (now former) client's claims in the complaint lacked probable cause.

6. During my and my firm's representation of Chen in the Underlying Action, I did not know any of Plaintiffs personally nor did I have any kind of personal relationship with any of the Plaintiffs.

7. During my and my firm's representation of Chen in the Underlying Action, at no point did I harbor any ill will, hostility, or malice towards Plaintiffs.

8. My firm did not initiate the Underlying Action on behalf of Chen based primarily on hostility or ill will.

9. My firm did not file the complaint on behalf of Chen nor maintain the action solely to deprive Plaintiffs of a beneficial use of property.

1  10. My firm did not file the complaint on behalf of Chen nor maintain the action in the Underlying Action for the purpose of forcing Plaintiffs into a settlement that had no relation to the merits of the claims.

11. My firm did not file the complaint on behalf of Chen nor maintain the action in the Underlying Action for the purpose of retaliating against Plaintiffs.

12. While I represented Chen in the Underlying Action, I did not know any of the Plaintiffs personally or have any personal relationships with them; nor did I harbor any ill will towards any one of the Plaintiffs.

13. To my knowledge, Chen has not waived the attorney-client privilege arising out of our attorney-client relationship in the Underlying Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2025.

By: *Stephen Holmes* (Signed by: B1DA339360114B5...)
Stephen Holmes

# PROOF OF SERVICE

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court Case No. 5:25-cv-5427

At the time of service I was over 18 years of age and not a party to this action. I am employed by Wilson, Elser, Moskowitz, Edelman & Dicker LLP in the County of San Francisco, State of California. My business address is 655 Montgomery Street, Suite 900, San Francisco, California 94111. My business Facsimile number is (415) 434-1370. On this date I served the following document(s):

**DECLARATION OF STEPHEN HOLMES IN SUPPORT OF DEFENDANTS HANSEN LAW FIRM, P.C., STEPHEN HOLMES, AND CRAIG HANSEN'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒: By E-Service in conjunction with E-Filing the document(s) listed above through the Court's CM/ECF system, which effects electronic service on counsel and parties who are registered with the CM/ECF system.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 17, 2025, at San Francisco, California.

*/s/ Peter Catalanotti*
Peter Catalanotti

# SERVICE LIST

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court Case No. 5:25-cv-5427

| | |
|---|---|
| Brianna K. Pierce<br>BELLATRIX LAW, P.C.<br>16868 Via Del Campo Ct., Ste 100<br>San Diego, California 92127<br>Telephone: (858) 338-5650<br>Email: bkp@bellatrix-law.com<br><br>*Attorneys for Plaintiffs*<br>**Abrahham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal, Eliana Abittan, Roy Graber, and Tova Graber** | Bruce Douglas MacLeod<br>DAVIS, BENGTSON & YOUNG<br>1960 The Alameda, Ste 210<br>San Jose, CA 95126<br>Telephone: (669)288-6727<br>Email: bmacleod@dby-law.com<br><br>*Attorneys for Defendants*<br>**James Cai, Brian Barnhorst, Patrick O'Shugnessy** |
| Jingjing Ye Bennett<br>YE & ASSOCIATES, P.C.<br>3400 N Central Expy, Ste 110-321<br>Richardson, TX 75080<br>Telephone: (469)410-5232<br>Email: jye@yefirm.com<br><br>*Attorneys for Defendants*<br>**Ye & Associates PLLC and Jingjing Ye** | |