Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Audrey Tam (SBN 305437)
audrey.tam@wilsonelser.com
Stephanie Yee (SBN 320861)
stephanie.yee@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA  94111
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
HANSEN LAW FIRM, P.C.; STEPHEN HOLMES; and CRAIG HANSEN

Bruce D. MacLeod (SBN: 130860)
bmacleod@dby-law.com
**DAVIS, BENGSTON & YOUNG**
1960 The Alameda, Suite 210
San Jose, CA  95126
Telephone:    (669)24-4200
Facsimile:    (408)985-1814

Attorneys for Defendants
SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST
and PATRICK O'SHAUGHNESSEY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABRAHAM ABITTAN, RACHEL ABITTAN, BRIAN ABITTAN, JACOB ABITTAN, ALYSSA PORTAL, ELIANA ABITTAN, ROY GRABER, and TOVA GRABER,<br><br>Plaintiffs,<br><br>v.<br><br>HANSEN LAW FIRM, P.C., CRAIG HANSEN, STEPHEN HOLMES, SAC ATTORNEYS LLP, JAMES CAI, BRIAN BARNHORST, PATRICK O'SHAUGNESSY, YE & ASSOCIATES, PLLC, JINGJING YE, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:  5:25-cv-5427SVK<br><br>***ASSIGNED TO: MAGISTRATE JUDGE SUSAN VAN KEULEN***<br><br>**DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP STATUTE)**<br><br>Date: May 12, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6, 4th Floor<br>Magistrate Judge Susan Van Keulen<br><br>Complaint Filed: June 27, 2025<br>Trial Date: None Set |

1

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

**TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 12, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of Hon. Susan Van Keulen, located at the United States District Court for the Northern District of California, 280 South First Street, Courtroom 6, 4th Floor, San Jose, California, 95113, Defendants Hansen Law Firm, P.C., Stephen Holmes, and Craig Hansen (collectively, "HLF Defendants") and SAC Attorneys, LLP, James Cai, Brian Barnhorst, and Patrick O'Shaughnessy (collectively "SAC Defendants") will, and hereby do, jointly move the Court pursuant to CCP § 425.16 for awards of reasonable attorney's fees in the amounts of (1) $51,823.12 to the HLC Defendants and (2) $10,869.38 to the SAC Defendants from Plaintiffs Abraham Abittan, Rachel Abittan, and Eliana Abittan following the Court's granting of the Defendants' anti-SLAPP Motions (Dkt. 71).

The Motion is brought pursuant to CCP §425.16(c) that provides that attorney fee awards to defendants who prevail on their anti-SLAPP motions are mandatory.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Peter C. Catalanotti, the Declaration of Bruce D. MacLeod, all other pleadings, papers, and records on file at the time this Motion is heard, the arguments of counsel; and any other matter the Court may properly consider.

Respectfully submitted,

Dated: April 6, 2026

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:

Peter C. Catalanotti
Audrey Tam
Stephanie Yee
Attorneys for Defendants
HANSEN LAW FIRM, P.C., STEPHEN
HOLMES, and CRAIG HANSEN

///

///

///

///

DEFENDANTS' JOINT MOTION FOR ATTORNEY'S FEES FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

Dated: April 6, 2026

**DAVIS, BENGTSON & YOUNG, APLC**

By: */s/ Bruce D. MacLeod*
    Bruce D. MacLeod
    Attorneys for Defendants
    SAC ATTORNEYS, LLP, JAMES CAI,
    BRIAN BARNHORST and PATRICK
    O'SHAUGHNESSY

DEFENDANTS' JOINT MOTION FOR ATTORNEY'S FEES FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.     Introduction**

This matter arises out of Defendants Hansen Law Firm, P.C., Stephen Holmes, and Craig Hansen (collectively, "HLF Defendants") and SAC Attorneys, LLP, James Cai, Brian Barnhorst and Patrick O'Shaughnessy's (collectively "SAC Defendants")  successive representation of their client, Yuting Chen ("Chen") in the underlying action entitled, *Chen v. Abittan, et al.*, Case No. 4:21-cv-09393 (N.D. Cal.) (the "Underlying Action") wherein Chen filed suit against (1) Plaintiffs (defendants in the Underlying Action) Abraham Abittan ("Abraham"), Rachel Abittan ("Rachel"), Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan ("Eliana"), Roy Graber, and Tova Graber (collectively, "Plaintiffs"); and (2) Ariel Abittan and Realtime NY LLC (who were defendants in the Underlying Action but are not parties in the instant action). (The "HLF Defendants" and "SAC Defendants" will collectively be referred to as "Attorney Defendants.") Following Chen's voluntary dismissal of the Underlying Action, Plaintiffs filed the instant action for malicious prosecution.

The HLF Defendants and SAC Defendants both filed anti-SLAPP motions pursuant to CCP § 425.16(b)(1), that the Court granted in part, as to Abraham, Rachel, and Eliana. (Dkt. 71.) The Court also determined that the Attorney Defendants are entitled to mandatory attorney's fees under CCP § 425.16(c). (*Id.*) Consequently, the Attorney Defendants now seek their reasonable attorney's fees in the amount of $51,823.12 to the HLF Defendants and $10,869.38 to the SAC Defendants.

**2.     Relevant Procedural Background**

On March 26, 2026, this Court granted in part, and denied in part, both the HLF Defendants' anti-SLAPP motion (Dkt. 33) and the SAC Defendants' anti-SLAPP motion (Dkt. 19) as to Plaintiffs Abraham, Rachel, and Eliana and dismissed Plaintiffs' claims, with prejudice. (Dkt. 71, 34:14-16, 20-21.) In addition, the Court granted Attorney Defendants' request for attorney's fees, in part, as to the claims brought by Abraham, Rachel, and Eliana. (Dkt. 71, 34:22-23.) More specifically, the Court ruled:

> [W]here the Court grants in part and denies in part an anti-SLAPP motion, "the Defendants are entitled to recover attorney fees and costs incurred in moving to

4

strike the claims on which ... they prevailed, but not fees and costs incurred in moving to strike the remaining claims." *Id.* at 1027 (cleaned up). Accordingly, the HLF and SAC Defendants are entitled to fees and costs as to Plaintiffs' Abraham, Rachel and Eliana's claims, but not for the claims brought by Brian, Jacob, Alyssa, Roy and Tova. Their request for attorney's fees is thus **GRANTED IN PART** and **DENIED IN PART.**

…

The HLF and SAC Defendants are entitled to "fees and costs incurred in moving to strike the claims on which ... they prevailed, but not fees and costs incurred in moving to strike the remaining claims." *Resolute Forest Prods.,* 302 F. Supp. 3d at 1027. Thus, the Parties should consider whether, for example, an award of attorney's fees for 3/8 the time spent on the anti-SLAPP motions is appropriate. *E.g., Griffin v. Strauss,* No. 22-cv-06183-MEMF (PLAx), 2024 WL 647650, at *4 (C.D. Cal. Jan. 3, 2024) ("Here, the Professional Defendants appear to request compensation for all time spent on the Anti-SLAPP Motion. This is plainly contrary to California law. The Court will reduce the fee in an amount commensurate with the partial success of the Anti-SLAPP Motion. … The Court finds it appropriate to reduce the award by 2/3 to account for the partial success of the Motion."). (Dkt. 71, 27: 12-18 (bold in original) and 27:24-28:5.)

**3.      Meet and Confer Efforts**

Pursuant to the Court's order (Dkt. 71) and Local Rule 54-5(1), counsel met and conferred on March 27, 2026, via Zoom, in an attempt to resolve the amount of fees the Attorney Defendants should be awarded under CCP § 425.16(c). (Catalanotti Decl., ¶ 1) (Declaration of Bruce D. MacLeod in Support of Motion for Reasonable Attorney Fees [etc.] ("MacLeod Declaration"), ¶ 2.)

Between March 27, 2026 and April 3, 2026, Plaintiffs' and HLF Defendants' counsel continued to meet and confer about potential settlement and fees. Through their respective counsel, the HLF Defendants informed Plaintiffs that their total approximate fees for the anti-SLAPP motion were $36,000 and that three-eighths the amount would be around $13,500. Plaintiffs offered to waive their appeal rights in exchange for a mutual walkaway. The HLF Defendants countered, requesting their fees incurred and informing Plaintiffs that reasonable, market-rate fees would be sought if a motion needed to be filed. To date, Plaintiffs have not responded with a counteroffer to the HLF Defendants' demand, thus necessitating the filing of this Motion. (Catalanotti Decl., ¶ 2; MacLeod Declaration, ¶ 3.)

///

///

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

## 4.    Legal Argument

### a.    Legal Standard for Recovery of Attorney's Fees under CCP § 425.16(c)

Attorney fee awards to defendants who prevail on their anti-SLAPP motions are mandatory under CCP §425.16(c) (the court "shall" award fees).  The same lodestar adjustment method that applies to other private attorney general fee-shifting statutes applies to fee awards under CCP §425.16. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1137; see also *Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1055; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 285.) Critically, time spent collecting the anti-SLAPP fee award is compensable. (*Ketchum, supra,* 24 Cal.4th at 1141; *York v. Strong* (2015) 234 Cal.App.4th 1471, 1477; *Lucky United Props. Inv., Inc. v. Lee* (2010) 185 Cal.App.4th 125, 139.)

The court has broad authority in determining the reasonableness of an attorney's fee award. (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1094–1095.) Fee setting "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*Id.*) In determining the reasonableness of the fee, "the court may and should consider the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his [her, or their] learning, his [her, or their] age, and his [her, or their] experience in the particular type of work demanded . . . ; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." (*Stokus v. Marsh* (1990) 217 Cal.App.3d 647, 656–657 [internal citations omitted].)

A motion for attorneys' fees must be supported by competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.)  However, detailed time records are not required; an attorney's testimony alone may suffice. (*Id.* ["[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"].)

#### i.  Lodestar

The rates charged by Wilson Elser Moskowitz Edelman and Dicker, LLP ("WEMED") and Davis, Bengtson & Young were significantly lower than the reasonable rates set forth in the general

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

pay schedule known as the "*Laffey* Matrix (http://www.laffeymatrix.com)." (Catalanotti Decl., Ex. A; see, also, MacLeod Declaration, ¶¶ 8-11.) The *Laffey* Matrix, that has been accepted for use in various jurisdictions including California federal and state courts (see, e.g., *Syers Props. III v. Rankin* (2014) 226 Cal.App.4th 691),[1] reflects the following reasonable hourly rates for defense counsel during the time this case has been pending, including a list of the hours worked, by attorneys and their charged rates.

Relevant here, California courts have confirmed that the use of an adjusted *Laffey* Matrix to determine a reasonable hourly rate is appropriate. (See *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 650–651 [holding no abuse of discretion where trial court used "the reasonable rates in the local community as a basis for its award"].) The adjusted *Laffey* Matrix was explained in *In re HPL Techs., Inc.* (N.D. Cal. 2005) 366 F. Supp.2d 912 ("*HPL Techs.*"). There, the Court reasoned:

> One well-established objective source for rates that vary by experience is the *Laffey* matrix used in the District of Columbia. […] These figures are, however, tailored for the District of Columbia, which has a somewhat lower cost of living than the San Francisco Bay area (in which lead counsel's firm operates); the court will adjust these figures accordingly. The locality pay differentials within the federal courts—which, like law firms, employ lawyers and legal support staff—can approximate this difference. [In 2005] [t]he Washington-Baltimore area ha[d] a +15.98% locality pay differential; the San Francisco-Oakland-San Jose area ha[d] a +26.39% locality pay differential. Thus, adjusting the *Laffey* matrix figures upward by approximately 9% will yield rates appropriate for the Bay area. (*HPL Techs.*, *supra*, 366 F. Supp.2d at pp. 921–922.)

The *Laffey* Matrix can be adjusted to account for the market rate in the San Francisco Bay Area by using the locality pay differentials within the federal courts. The website for locality pay differentials within the federal courts is https://www.uscourts.gov/careers/compensation. (Catalanotti Decl., Ex. B.)

Effective January 12, 2026, the tables show that the "San Jose-San Francisco-Oakland" area has a +46.34 percent locality pay differential. (Catalanotti Decl., Ex. B.)

Using the methodology of the court in *HPL Techs.*, the reasonable hourly rate for attorneys

---

[1] In *Syers*, the Plaintiff sued its attorneys for legal malpractice and lost. The prevailing defendants were awarded attorneys' fees pursuant to the contractual attorneys' fees provision in their fee agreement with Plaintiff. In making its lodestar calculation of the reasonable fees to award, the trial court used hourly rates from an adjusted *Laffey* Matrix, rather than the far lower hourly rates actually charged by defendants' insurance defense counsel. The Court of Appeal affirmed, finding that the trial court had acted within the scope of its discretion to set the reasonable rates higher than the actual rates billed to the insurance carrier. (*Id*. at 700-702.)

in the San Francisco area would be 12.4 percent higher than the rates given in the *Laffey* Matrix (i.e., the San Francisco locality pay differential of 46.34 percent, minus the DC locality pay differential of 33.94 percent). According to the *Laffey* Matrix, the benchmark for 20+ year attorneys, such as Peter C. Catalanotti and Bruce D. MacLeod, is $1141 per hour. (Catalanotti Decl., Ex. A.) Likewise, the benchmark for a 10-year attorney, such as Audrey Tam, is $839 per hour, and the benchmark for a 12-year attorney, such as Stephanie Yee, is $948 per hour. (*Id*.) When adjusted by 12.4 percent, these rates increase to $1282.48, $943.04 and $1,065.55, respectively.

The reasonable rate for attorney's fees, under both the original *Laffey* benchmarks and those adjusted for attorneys practicing in the San Francisco Bay Area, are significantly higher than the corresponding rates charged by counsel for the Attorney Defendants.

**b.      Fees Incurred by HLF Defendants**

In defense of Plaintiffs' action, the HLF Defendants were billed for work performed by attorneys from WEMED. WEMED charged the HLF Defendants hourly rates of $315.00 for Partner Peter C. Catalanotti and Of Counsel Audrey Tam and $260.00 for Associate Stephanie Yee. The total number of hours WEMED billed through April 3, 2026, for the anti-SLAPP motion and motion for attorney's fees is 126.30 hours. The total attorney's fees the HLF Defendants (and their insurer) have incurred to WEMED to date for the anti-SLAPP motion and fee motion is $34,460.50 (including a $10,000 deductible paid directly by the HLF Defendants). (Catalanotti Decl., ¶ 12.) Adopting the Court's suggestion that the HLF Defendants be entitled to fees for prevailing over three of the eight plaintiffs, the HLF Defendants would be entitled to $12,922.69.  A slightly higher amount was offered to the Plaintiffs' counsel as this exact amount was not determined until the HLF Defendants began drafting this motion.

| Attorney | Years | Hours | Billed Rate | Reasonable Rate | Adjusted Rate |
|---|---|---|---|---|---|
| Peter C. Catalanotti | 2025-2026 | 21.30 | $315.00 | $1,141.00 | $1,282.48 |
| Audrey Tam | 2025-2026 | 8.20 | $315.00 | $839.00 | $943.04 |
| Stephanie Yee | 2025-2026 | 96.80 | $260.00 | $948.00 | $1,065.55 |
| **Total Reasonable Fees** | | | | **$122,949.50** | **$138,194.99** |

Given that the same lodestar adjustment method that applies to other private attorney general fee-shifting statutes applies to fee awards under CCP §425.16 (*Ketchum, supra,* 24 Cal.4th

8

1122, 1137), the Court should award the HLF Defendants mandatory fees in the amount of $51,823.12 (three-eighths of the total amount of adjusted fees incurred ($138,194.99).

The HLF Defendants' requested fees are reasonable in light of the following considerations: (1) this case involved the defense of Hansen Law Firm, P.C., and two of its attorneys, Craig Hansen and Stephen Holmes, against Plaintiffs' reputation-damaging and meritless claims; (2) the HLF Defendants' counsel spent 20.70 hours reviewing and analyzing the Underlying Action to prepare for drafting of the anti-SLAPP motion; (3) a substantial amount of time was spent drafting, editing, and finalizing the anti-SLAPP motion, reviewing Plaintiffs' opposition, drafting and editing the HLF Defendants' reply to the motion, reviewing and analyzing the Court's 35-page order on the anti-SLAPP motion, and discussing the order with the HLF Defendants, for a total of 102.70 hours expended; (4) the HLF Defendants also spent 2.90 hours meeting and conferring with Plaintiffs' and the SAC Defendants' counsel about potential settlement in lieu of filing this fee motion; (5) the HLF Defendants have expended fees on drafting this fee motion and will incur additional fees reviewing and analyzing Plaintiffs' reply and drafting a reply (but only seek fees associated with drafting the motion through April 3, 2026); and (6) critically, the time expended by the HLF Defendants' counsel resulted in complete dismissal, with prejudice, of all claims against the HLF Defendants. All in all, the HLF Defendants' counsel expended 126.30 hours on tasks related to the anti-SLAPP motion. (Catalanotti Decl., ¶ 13.)

### c.    Fees Incurred by SAC Defendants

Similar to the HLF Defendants described *supra*, the SAC Defendants were charged fees by counsel for work performed in researching for and preparing an "anti-SLAPP" motion on their behalf.  As set forth in more detail in the accompanying MacLeod Declaration, the SAC Defendants were represented by Bruce D. MacLeod of the firm Davis, Bengtson & Young in San Jose. Mr. MacLeod has close to 40 years of experience as an attorney practicing primarily in Santa Clara County, and more than 20 years of experience in representing attorney defendants.  His expertise in this area has been recognized by Superlawyers.com in Northern California.  Mr. MacLeod, who is the only attorney that worked on this motion on behalf of the SAC Defendants, has extensive experience drafting and submitting anti-SLAPP motions similar to the motion at

issue in this action, and has acted as an expert witness and provided presentation on matters involving anti-SLAPP motions.

Counsel for the SAC Defendants expended a total of 52.7 hours in preparing the anti-SLAPP motion, reviewing and researching the issues raised by the Plaintiffs' Opposition, preparing a Reply Brief, and preparing this motion. (MacLeod Declaration, ¶ 13.)  As set forth in more detail, *supra*, counsel is entitled to recover a "reasonable" rate, and the SAC Defendants are seeking an award of  a "reasonable" rate of $550 per hour even though the original *Laffey* benchmarks and those adjusted for attorneys practicing in the San Francisco Bay Area, are significantly higher than the rate being requested. The total fees $10,869.38 the SAC Defendants seek represent 3/8 (37.5%) of the total $28,985.00 in "reasonable fees" incurred by the SAC Defendants.

**5.      Conclusion**

For the foregoing reasons, the HLC Defendants should be awarded mandatory fees pursuant to CCP § 425.16(c) in the amount of $51,823.12 and the SLC Defendants should be awarded $10,869.38.

Respectfully submitted,

Dated: April 6, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____
    Peter C. Catalanotti
    Audrey Tam
    Stephanie Yee
    Attorneys for Defendants
    HANSEN LAW FIRM, P.C., STEPHEN HOLMES, and CRAIG HANSEN

Dated: April 6, 2026

**DAVIS, BENGTSON & YOUNG, APLC**

By: */s/ Bruce D. MacLeod*
    Bruce D. MacLeod
    Attorneys for Defendants
    SAC ATTORNEYS, LLP, JAMES CAI, BRIAN BARNHORST and PATRICK O'SHAUGHNESSY

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Audrey Tam, hereby attest that each of the other signatories have concurred in the filing of this document and have consented to the application of their electronic signatures to this document, which shall serve in lieu of their holographic signatures on the document. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 6, 2026, at Hayward, California.

By: _____
Audrey Tam

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

## PROOF OF SERVICE

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court Case No. 5:25-cv-5427

At the time of service I was over 18 years of age and not a party to this action.  I am employed by Wilson, Elser, Moskowitz, Edelman & Dicker LLP in the County of San Francisco, State of California.  My business address is 655 Montgomery Street, Suite 900, San Francisco, California 94111.  My business Facsimile number is (415) 434-1370.  On this date I served the following document(s):

**DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP STATUTE)**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒:     By E-Service in conjunction with E-Filing the document(s) listed above through the Court's CM/ECF system, which effects electronic service on counsel and parties who are registered with the CM/ECF system.

## <u>SEE ATTACHED SERVICE LIST</u>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on April 6, 2026, at San Francisco, California.

_____
Peter Catalanotti

**SERVICE LIST**

*Abittan, Abraham v. Hansen Law Firm, PC, et al.*
United States District Court Case No. 5:25-cv-5427

| | |
|---|---|
| Brianna K. Pierce<br>BELLATRIX LAW, P.C.<br>16868 Via Del Campo Ct., Ste 100<br>San Diego, California 92127<br>Telephone: (858) 338-5650<br>bkp@bellatrix-law.com<br><br>***Attorneys for Plaintiffs***<br>**Abrahham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal, Eliana Abittan, Roy Graber, and Tova Graber** | Bruce Douglas MacLeod<br>DAVIS, BENGTSON & YOUNG<br>1960 The Alameda, Ste 210<br>San Jose, CA 95126<br>Telephone: (669)288-6727<br>bmacleod@dby-law.com<br><br>***Attorneys for Defendants***<br>**James Cai, Brian Barnhorst, Patrick O'Shugnessy** |
| Jingjing Ye Bennett<br>YE & ASSOCIATES, P.C.<br>3400 N Central Expy, Ste 110-321<br>Richardson, TX 75080<br>Telephone: (469)410-5232<br>jye@yefirm.com<br><br>Michael William Stebbins<br>Marc G Van Niekerk<br>Silicon Valley Law Group<br>One North Market Street<br>Suite 200<br>San Jose, CA 95113<br>408-573-5700<br>408-573-5701 (fax)<br>mws@svlg.com<br>mvn@svlg.com<br><br>***Attorneys for Defendants***<br>**Ye & Associates PLLC and Jingjing Ye** | |

DEFENDANTS' JOINT <u>MOTION FOR ATTORNEY'S FEES</u> FOLLOWING PARTIAL GRANTING OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT